COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| VEE BAR, LTD, FREDDIE JEAN WHEELER f/k/a FREDDIE JEAN MOORE, C.O. "PETE" WHEELER, JR., and ROBERT A. WHEELER, | § | |
| | § | No. 08-08-00087-CV |
| Appellants, | § | Appeal from |
| v. | § | 109th District Court |
| BP AMOCO CORPORATION f/k/a AMOCO PRODUCTION COMPANY f/k/a AMOCO PRODUCTION CO. f/k/a STANOLIND OIL & GAS CORPORATION, TRONOX WORLDWIDE, LLC, SWEPI, LP, SHELL OIL COMPANY, and M&J ENERGY, INC., | § | of Winkler County, Texas |
| | § | (TC # 15085) |
| | § | |
| | § | |
| Appellees. | § | |
| | § | |

## O P I N I O N

Appellants Vee Bar, Ltd., Freddie Jean Wheeler f/k/a Freddie Jean Moore; C.O. "Pete" Wheeler Jr., and Robert A. Wheeler (collectively referred to as "Vee Bar") bring this appeal from orders granting pleas to the jurisdiction and dismissing the suit in favor of BP Amoco Corporation f/k/a Amoco Production Company f/k/a Amoco Production Company f/k/a Stanolind Oil & Gas Corporation ("BP"), Tronox Worldwide, LLC ("Tronox"), SWEPI, LP, and Shell Oil Company (collectively "Shell"), and M&J Energy, Inc., Appellees. For the reasons that follow, we reverse and remand.

## FACTUAL SUMMARY

Vee Bar owns 20,480 acres of land known as the Wheeler Ranch in Winkler County and Ector County, Texas. Vee Bar purchased the Ranch on December 28, 1994, from five Wheeler siblings, Freddie Jean Moore, C.O. "Pete" Wheeler, Jr., Robert Wheeler, Mollie Jo Rice, and Helen Joyce Bowers. The siblings owned the ranch as tenants in common, with each owning an undivided 1/5 interest in the land. They acquired their interests in the Ranch by gift deed and inheritance from their parents, C.O. and Helen Wheeler, who acquired title in the early 1930s.

At various times prior to 1994, each of the Appellees held oil and gas leases on the portion of the Ranch at issue here. From 1937 through 1967, Shell owned an undivided 1/2 interest in three oil and gas leases. In 1967, Shell sold its interests to Petroleum Corporation of Texas and it no longer had any interest in the leases and did not conduct any operations on the property. BP America's subsidiaries or former subsidiaries had a partial interest in three oil and gas leases and operated wells on those leases, but no BP company had any interest in or any operations on the property after 1991. Similarly, Tronox's predecessors[1] owned an interest in an oil and gas lease on the property, but the predecessor sold all of its interests in the property on December 11, 1992.

On February 14, 2006, Vee Bar filed suit against several defendants, including BP, Shell, and Tronox, seeking recovery of damages for temporary and/or permanent injury to 640 acres of the Ranch caused by the deposit of various substances on the property, including naturally occurring radiation materials (NORM). Vee Bar alleged that the defendants knowingly deposited toxic hydrocarbons and toxic substances which contaminated the surface as well as subsurface waters and aquifers. Vee Bar additionally alleged that the injury could not have been discovered until 2005.

Shell, Tronox, and BP filed pleas to the jurisdiction, alleging Vee Bar did not have standing because the alleged damage occurred on the Wheeler Ranch prior to Vee Bar's purchase of the

---

[1] Tronox is the successor of a defendant named in the original petition, Sun Oil Company.

property and there was no express provision in the deed conveying any cause of action to Vee Bar. M&J Energy later joined and adopted the pleas to the jurisdiction filed by Shell, Tronox, and BP. Vee Bar then obtained assignments from three of the Wheeler siblings, Freddie Jean Wheeler, C.O. "Pete" Wheeler, Jr., and Robert Wheeler. Each of them assigned 95 percent of their individual interests in any claims relating to damage to the surface or subsurface of the Ranch. Vee Bar filed amended petitions which included these three siblings as plaintiffs. Vee Bar did not obtain assignments from Helen Joyce (Wheeler) Bowers or Richard R. "Trey" Rice[2] and joined them as involuntary plaintiffs. Bowers and Rice filed an answer, but they have not filed any objection to their joinder as involuntary plaintiffs. The trial court granted the pleas to the jurisdiction filed by Tronox, Shell, BP, and M&J Energy and dismissed the suit. This appeal follows.

## FAILURE TO MAKE FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

In Issue One, Vee Bar contends that the trial court erred by failing to enter findings of fact and conclusions of law. Vee Bar filed its initial request on October 29, 2007 and a notice of past due findings on December 14, 2007.

Under Texas Rule of Civil Procedure 297, "If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, *within thirty days after filing the original request*, file . . . a 'Notice of Past Due Findings of Fact and Conclusions of Law.'" [Emphasis added]. TEX.R.CIV.P. 297. Vee Bar filed the past due notice sixty days after filing the original request. Since Vee Bar's notice was untimely, it has waived any right to complain about the court's failure to file findings. *Curtis v. Commission for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist.] 2000, no pet.). Issue One is overruled.

---

[2] Rice was joined personally and as personal representative of the Estate of Molly Jo (Wheeler) Rice, deceased.

**STANDING AND FAILURE TO JOIN NECESSARY PARTIES**

In Issue Two, Vee Bar contends that the trial court erred by granting the pleas to the jurisdiction because it had standing to bring the claim by virtue of the joinder of the involuntary plaintiffs and the assignments executed by three of the five Wheeler siblings. Appellees counter that Vee Bar improperly joined Bowers and Rice as involuntary plaintiffs, and the assignments executed by only three of the five siblings is insufficient to confer standing to prosecute the suit for injury to real property. Alternatively, Appellees contend that the dismissal of Vee Bar's suit should be affirmed on the ground stated in the plea in abatement because Vee Bar failed to properly join the indispensable parties.

*Standard of Review -- Plea to the Jurisdiction*

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex. 1993). Standing is a component of subject matter jurisdiction. *DaimlerChrysler Corporation v. Inman*, 252 S.W.3d 299, 309 (Tex. 2008). A court has no jurisdiction over a claim pursued by a plaintiff who lacks standing to assert the claim. *DaimlerChrysler*, 252 S.W.3d at 304. When a plaintiff lacks standing, the proper resolution is to dismiss the lawsuit. *Id.*

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Texas Association of Business*, 852 S.W.2d at 446; *Haddy v. Caldwell*, --- S.W.3d ---, 2011 WL 2350242, *2 (Tex.App.--El Paso June 15, 2011, no pet. h.). A plea to the jurisdiction can be utilized to challenge whether the plaintiff has met his burden of alleging jurisdictional facts but it can also raise a challenge to the existence of jurisdictional facts. *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the

parties. *Miranda*, 133 S.W.3d at 227; *Haddy*, 2011 WL 2350242 at *2. When the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228; *Haddy*, 2011 WL 2350242 at *2. If, however, the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227-28; *Haddy*, 2011 WL 2350242 at *2. We review the trial court's ruling on a plea to the jurisdiction *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226.

*Standing*

In Texas, a cause of action for injury to real property belongs to the person who owned the property at the time of the alleged injury. *Ceramic Tile International, Inc. v. Balusek*, 137 S.W.3d 722, 724 (Tex.App.--San Antonio 2004, no pet.). A subsequent purchaser cannot recover for an injury committed before his purchase absent an express provision in the deed, or by virtue of an assignment granting him that power. *Ceramic Tile*, 137 S.W.3d at 724.

In 1994, Vee Bar purchased the property from the Wheeler siblings who each owned, as tenants in common, an undivided 1/5th interest in the property. The deed does not contain an express provision conveying to Vee Bar the siblings' right to sue for injury to the real property. At the time Vee Bar filed suit, it lacked standing to bring suit because none of the Wheeler siblings had assigned the claim. But after Appellees filed their plea to the jurisdiction, Vee Bar obtained an assignment from three of the five siblings and amended its pleadings to so reflect. Appellees, in turn, filed a plea in abatement on the ground that Vee Bar had not obtained an assignment from all of the co-tenants, nor had it joined all of them in the suit. Appellees sought abatement until Vee Bar joined all of the co-tenants, or alternatively, that the suit be dismissed if Vee Bar failed to join them.

The record before us does not reflect that the trial court ever ruled on the plea in abatement and Vee Bar subsequently joined the remaining two siblings as involuntary plaintiffs. Following the joinder of Rice and Bowers as involuntary plaintiffs, Appellees filed supplemental pleas to the jurisdiction asserting that Vee Bar lacked standing because it had obtained assignments from only three of the five siblings and it had improperly joined Rice and Bowers. The trial court granted the pleas to the jurisdiction and dismissed the suit.

The supplemental pleas to the jurisdiction relied on the well settled rule that in a suit to recover for injury to real property, all the tenants in common must join. *Gulf, C. & S.F. Ry. Co. v. Cusenberry*, 86 Tex. 525, 26 S.W. 43, 44-45 (1894); *Myer v. Cuevas*, 119 S.W.3d 830, 843 (Tex.App.--San Antonio 2003, no pet.). The rationale for the joinder requirement is to prevent: (1) a multiplicity of suits; (2) several recoveries for one trespass and; (3) an inconvenience for the parties. *Hicks v. Southwestern Settlement & Development Corp.*, 188 S.W.2d 915, 921 (Tex.Civ.App.-- Beaumont 1945, writ ref'd w.o.m.), *citing May v. Slade*, 24 Tex. 205 (1859). The cases cited by Appellees do not support their position that Vee Bar must join the remaining siblings in obtain standing.

In *Cusenberry*, the plaintiff brought suit on behalf of his wife against a railway company for the negligent burning of grass upon lands which belonged to his wife. *Id.* at 43. With respect to one portion of land, the plaintiff's wife owned an undivided one-half interest and the other owner was not a party to the suit. The plaintiff sought recovery of only one-half of the damages to that property. On appeal, the defendant argued that the plaintiff should not have been permitted to recover because the owner of the undivided half of that tract had not been made a party. The Supreme Court stated:

> The rule is well settled by the decisions of this court that in a suit to recover damages for an injury to real property all the tenants in common must join, *but that advantage of the defect in the petition must be taken by a plea in abatement; and that, in the*

*absence of such plea, the plaintiff may recover damages in an amount proportionate to his interest in the property.* [Citations omitted]. The plea in abatement must give the plaintiff a better writ. Hence the defendant should not only have pleaded the nonjoinder, but the plea should have shown who were the owners of the other half interest. Not having done this, it cannot now complain that the plaintiff was permitted to recover one-half of the damages to a survey to which he showed title in his wife to an undivided one-half interest. [Emphasis added].

*Cusenberry*, 26 S.W. at 44-45. *Cusenberry* does not stand for the proposition that the non-joinder of a tenant in common deprives the plaintiff of standing and the trial court of jurisdiction over the suit. To the contrary, the case states the rule that a defendant waives any complaint about the non-joinder of a co-tenant if he fails to raise the non-joinder by plea in abatement. In contrast, a lack of standing cannot be waived by failure to raise the issue in the trial court and it can be raised for the first time on appeal. *Texas Association of Business*, 852 S.W.2d at 445-46.

In *Myer*, a condominium unit owner sued the board of directors of the condominium regime[3] and four members of the board individually alleging violations of the open meetings act, mismanagement of corporate assets, and breach of fiduciary duty. *Myer*, 119 S.W.3d at 832. The board members filed a plea in abatement alleging that Myer lacked standing to sue them individually because the causes of action he brought belonged to the corporation and could only be brought by the council of co-owners.[4] *Id.* at 833. The trial court granted the board members' plea and ordered Myer to amend his petition to establish standing. *Id.* When Myer failed to amend his petition, the court dismissed his suit without prejudice. *Id.* Citing the *Cusenberry* rule as well as the rule that a corporate stockholder cannot recover damages personally for a wrong done solely to the

---

[3] The condominium regime was formed prior to January 1, 1994 so it was governed by Chapter 81 of the Texas Property Code. *See* TEX.PROP.CODE ANN. § 81.001(a)(West 2007).

[4] The council of co-owners, referred to in the statute as the council of owners, means all the apartment owners in a condominium project. TEX.PROP.CODE ANN. § 81.002(4). The Property Code defines condominium as a form of real property ownership that combines separate ownership of individual apartments or units with common ownership of other elements. TEX.PROP.CODE ANN. § 81.002(3).

corporation, the San Antonio Court of Appeals determined that Myer, as an individual owner, lacked standing. *Id.* at 834-35. *Myer* is distinguishable because condominium ownership is a unique form of real property ownership governed by statute and we decline to apply it to this case which involves tenancy in common.

We conclude that Vee Bar has standing to prosecute the injury to property claims by virtue of the assignments provided by three of the five Wheeler siblings. The trial court erred by granting the pleas to the jurisdiction and dismissing the suit. The only remaining issue is whether the trial court's dismissal of the suit can be upheld on the basis that the joinder of Bowers and Rice is improper.

*Joinder of Rice and Bowers*

Vee Bar next argues that Rice and Bowers were properly joined pursuant to TEX.R.CIV.P. 39(a), and therefore, the trial court's dismissal order cannot be upheld on the grounds presented in the plea in abatement. In addition to seeking dismissal on the ground of standing, Appellees also filed a plea in abatement asserting that Vee Bar had failed to obtain assignments from Rice and Bowers. Following the joinder of Rice and Bowers as involuntary plaintiffs pursuant to Rule 39(a), Appellees argued that their joinder was improper. At the hearing on the various pleas, Vee Bar's counsel suggested that the parties could be realigned and Rice and Bowers could be re-cast as defendants as permitted by Rule 39(a) if the court determined that they should not have been joined as involuntary plaintiffs. That rule provides:

> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed

> interest. If he has not been so joined, the court shall order that he be made a party.
> If he should join as a plaintiff but refuses to do so, he may be made a defendant, or,
> in a proper case, an involuntary plaintiff.

It is undisputed that Rice and Bowers refused to assign claims for injury to real property to Vee Bar and Vee Bar's fourth amended petition alleges that Rice and Bowers refused to join the suit as plaintiffs. Rice and Bowers have filed an answer and the record does not indicate that they ever objected to their joinder. Under the case law cited by both parties, Vee Bar cannot proceed with its suit in the absence of Rice and Bowers because Appellees initially objected to their non-joinder when they filed the plea in abatement. Stated in Rule 39(a)(1)'s terms, complete relief could not be accorded Vee Bar in the absence of Rice and Bowers. Vee Bar was therefore permitted to join Rice and Bowers as defendants, or "in a proper case" as involuntary plaintiffs. Even assuming that Appellees are correct in their argument that this is not a proper case for Rice and Bowers to be joined as "involuntary plaintiffs," the trial court did not give Vee Bar an opportunity to amend its pleadings to join Rice and Bowers as defendants. We conclude that the trial court abused its discretion by dismissing the suit due to the alleged improper joinder of the involuntary plaintiffs. *Cf. Longoria v. Exxon Mobil Corporation*, 255 S.W.3d 174, 184 (Tex.App.--San Antonio 2008, pet. denied) (applying abuse of discretion standing of review to trial court's dismissal of suit due to plaintiff's failure to join parties pursuant to Rule 39(a)). Accordingly, we sustain Issue Two and reverse the orders dismissing the suit. The cause is remanded to the trial court for further proceedings consistent with this opinion.

October 26, 2011

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)