

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| THE COUNTY OF EL PASO, TEXAS, | § | No. 08-17-00058-CV |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 243rd District Court |
|  | § |  |
| JOEL NAVAR, | § | of El Paso County, Texas |
| Appellee. | § |  |
|  |  | (TC#2017DCV0357) |
|  | § |  |

## **O P I N I O N**

The County of El Paso appeals the trial court's grant of summary judgment against it in the amount of $69,000 plus pre-and-post judgment interest. In three issues, the County asserts: (1) Appellee lacked standing to bring this lawsuit because the property at issue was transferred by special warranty deed to a limited liability company before the commencement of the underlying lawsuit; (2) Appellee failed to exhaust his administrative remedies with the County Commissioners Court before bringing the underlying lawsuit and his claim therefore fails for lack of ripeness; and (3) the trial court erred in finding the County's regulation of Appellee's property to be a *Penn Central* taking and awarding damages for lost rent. We reverse and remand for further proceedings.

## **BACKGROUND**

Appellee, Joel Navar, purchased the NASA Trailer Park in July 1998 and began operating the property as a manufactured home rental community. The property is divided into ten lots and was improved to accommodate mobile home rentals in thirteen spaces. Navar requested and was granted certificates of compliance from the County, allowing him to secure utility services for the property. The lots were not in compliance with a 1995 amendment to the Local Government Code prohibiting more than one residential service connection per lot; however, the certificates of compliance continued to be issued to Navar for the properties until 2008. In 2008, Luis Rodriguez, the lead road and bridge planner for the County, refused to issue any more certificates of compliance until the property was brought into compliance with the 1995 regulation. Navar then wrote two letters to the Commissioners Court requesting it make certain determinations and issue the certificates of compliance, but Rodriguez denied the issuance of the certificates because the parcels at issue had not been brought into compliance.

Navar sued the County in May 2010 for failing to issue the certificates, asserting the County had committed an unconstitutional taking without just compensation in violation of the Texas Constitution. Sometime after initiating the suit, the County issued the certificates of compliance and made the determinations requested by Navar. Nonetheless, Navar proceeded with his lawsuit, alleging the following in his 2014 amended petition:

> Employees, agents and/or representatives of the County acting within the course and scope of that relationship notified Plaintiff that he would be required to re-construct, at Plaintiff's, [sic] expense the water and sewage facilities for the parcels of property even though the parcels already contained fully operable water and sewage facilities for the mobile homes as they were situated. Plaintiff was told by the County agent that he would be issued a certificate of compliance only after such re-construction was complete. Plaintiff was also notified that he would be required to re-position mobile homes that were located on the parcels of property even though the mobile homes had existed in their current location for decades before, even though existing water, electrical, gas and sewage facilities had been

2

constructed to service the mobile homes in their current position and even though the County had issued certificates of compliance based on the current mobile home location and current water, sewage, gas and electrical facilities. The County refused without any legitimate basis to issue the certificates or make the determinations required by law, and the County insisted on the mobile home re-location and facility re-construction without any legitimate basis. After this litigation had been pending for many years, the County finally issued the certificates. However, during the time prior to the certificates being issued, Plaintiff was unable to secure utility service and suffered damages as a result of his inability to lease the mobile homes located on the parcels of property because of the County's intentional failure to issue the certificates within the time limits required by law.

The County filed a plea to the jurisdiction, claiming governmental immunity from suit, which the trial court denied and our Court affirmed in an interlocutory appeal brought by the County. *County of El Paso v. Navar*, 511 S.W.3d 624, 634 (Tex.App.--El Paso 2015, no pet.). Navar then moved for summary judgment on his takings claim. The trial court granted summary judgment against the County, awarding Navar damages in the amount $69,000 plus pre-judgment interest of $10,350 and post judgment interest of 5 percent compounded annually. This appeal followed.

## DISCUSSION

The County asserts, for the first time on appeal, that Navar lacked standing to bring the underlying suit, claiming the property at issue was transferred to a limited liability company before the acts giving rise to his claims took place. Navar argues the issue raised by the County is one of capacity, not standing, and because lack of capacity must be raised in a verified pleading in the trial court, the County has waived the issue. Having found the standing issue dispositive, we do not address the County's second and third issues.

### Standard of Review

Subject matter jurisdiction is essential to a court's authority to decide a case. *SCI Texas*

3

*Funeral Services, Inc. v. Hijar*, 214 S.W.3d 148, 153 (Tex.App.--El Paso 2007, pet. ref'd). Standing is a component of subject matter jurisdiction. *Vee Bar, Ltd. v. BP Amoco Corp.*, 361 S.W.3d 128, 131 (Tex.App.--El Paso 2011, no pet.). If a plaintiff lacks standing to assert a claim, the court has no jurisdiction over that claim. *Id*. Whether a party has standing is a question of law subject to *de novo* review. *Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The issue of standing may be properly raised for the first time on appeal and the issue cannot be waived by the parties. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

## Analysis

Plaintiffs must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). A plaintiff has standing to bring a lawsuit when it is personally aggrieved, regardless of whether it is acting with legal authority; a plaintiff has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-49 (Tex. 2005). In Texas, standing "requires that there be (1) 'a real controversy between the parties,' that (2) 'will be actually determined by the judicial declaration sought.'" *Id*., (quoting *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)). Without standing, a court does not have subject matter jurisdiction to hear a case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. Conversely, the Texas Supreme Court has described capacity as "'a procedural issue dealing with the personal qualifications of a party to litigate.'" *Lovato*, 171 S.W.3d at 848, (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE:

4

CIVIL 2D § 1559, at 441 (2d ed. 1990)).

For example, a minor may be personally aggrieved by another's actions and thus have standing to sue, but at the same time lack the capacity to do so because minors are considered to be under a legal disability and cannot sue or be sued in their individual capacities. *Lovato*, 171 S.W.3d at 849. While the minor has a justiciable interest in the lawsuit, he lacks the legal authority to act and must appear in court through a legal guardian, a "next friend," or a guardian ad litem. *Id*. Thus, capacity is a party's legal authority to sue regardless of whether the party has a personal stake in the lawsuit. Unlike standing, which may be raised for the first time on appeal, a challenge to a party's capacity must be raised by a verified pleading in the trial court. TEX.R.CIV.P. 93(1)-(2). A party's lack of capacity does not deprive the court of subject matter jurisdiction. *Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 795 (Tex.App.--Houston [1st Dist.] 2007, no pet.).

Only the party whose primary legal right has been breached has standing. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex.App.--Dallas 2005, no pet.). "Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit." *Nobles v. Marcus*, 544 S.W.2d 923, 927 (Tex. 1976)(only the defrauded party may bring suit to set aside a deed obtained by fraud). To have standing, "'a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015)(quoting *Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001)). For example, an individual stakeholder in a legal entity does not have standing to recover personally for harms done to the legal entity. *Nauslar*, 170 S.W.3d at 250. Likewise, a limited partner lacks standing to assert

5

claims individually for injuries to the partnership that merely diminish the value of the partnership interests or reduce his share of partnership income because those claims belong to the partnership itself. *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex.App.--Houston [14th Dist.] 2016, pet. denied). The same is true for a member of a limited liability company. *Id*. "It is the nature of the wrong, whether directed against the entity only or against the individual stakeholder, and not the existence of injury, that determines who may sue." *Id*; *Fredericksburg Industries, Inc. v. Franklin Intern., Inc.*, 911 S.W.2d 518, 521 (Tex.App.--San Antonio 1995, writ denied)(president of corporation lacked standing to sue distributor for president's lost wages resulting from distributor's defective delivery; the cause of action against the distributor belonged to the corporation, and the president's claim for lost wages was against the corporation).

Here, the County claims Navar lacked standing to bring suit, basing its claim on a special warranty deed showing Navar transferred ownership of the property at issue to Nasar Investments, LLC on March 31, 2008—before the events giving rise to the lawsuit occurred. The County has also provided an affidavit stating the special warranty deed was discovered after a search of the El Paso County Appraisal District Records and the Official Deed Records of El Paso County while conducting research for this appeal. The County further asserts the El Paso County Appraisal District Records reflect the property at issue was taxed in 2017 in the name of the LLC. In response, Navar claims the special warranty deed was declared void in a separate case, and thus he has always been the true owner of the property regardless of the property tax records or the special warranty deed.

Ordinarily, a court of appeals is constrained to evaluating an appeal solely from the four corners of the record. *Stephens v. LNV Corp.*, 488 S.W.3d 366, 372 (Tex.App.--El Paso 2015, no

6

pet.).  But an appellate court has the power to take judicial notice for the first time on appeal of adjudicative facts that are matters of public record and not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* TEX.R.EVID. 201(b), (c); *Office of Public Utility Counsel v. Public Utility Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex. 1994); *Taylor v. Margo*, 508 S.W.3d 12, 24 (Tex.App.--El Paso 2015, pet. denied).   An appellate court's power to take judicial notice of a fact on appeal is discretionary, and courts are generally reluctant to do so.  *Hendee v. Dewhurst*, 228 S.W.3d 354, 377 (Tex.App.--Austin 2007, pet. denied).

Our court was previously faced with a similar issue in *Hemsley*.  *In re Estate of Hemsley*, 460 S.W.3d 629, 632 (Tex.App.--El Paso 2014, pet. denied).   In *Hemsley*, the issue contested was which party had the right to dispose of the remains of actor Sherman Alexander Hemsley.  *Id*. After being diagnosed with terminal lung cancer, Hemsley executed a will naming his business manager independent executrix and sole beneficiary of his estate.  *Id*.   Hemsley was raised by his mother, but had a biological brother and nephew with whom he had had some limited contact over the years but had been estranged from during childhood.  *Id*., at 633.   Shortly after Hemsley's death, a dispute arose between the business manager and the biological relatives over the disposition of Hemsley's remains; the relatives wanted to have him buried in Pennsylvania, while his business manager maintained it was his wish to be buried in El Paso.  *Id*.   The relatives contested the will in probate court, arguing that either Hemsley's signature was a forgery or that Hemsley was not of sound mind when he executed the will.  *Id*.   The probate court found against them and held the business manager was entitled to make decisions about disposition of Hemsley's remains.  *Id*.   On appeal, the relatives argued the trial court erred in its ruling because they had

7

priority disposition rights under Section 711.002(a) of the Texas Health & Safety Code. *Id*, at 638. The business manager asserted, however, that the issue was moot because Hemsley had already been buried in El Paso. *Id*., at 638. At oral argument, the relatives contended the issue could not be moot because the record was silent regarding Hemsley's burial. *Id*. While acknowledging the record was devoid of any reference to the burial, our Court took judicial notice of the obituary published in the El Paso Times and took notice of televised news reports that Hemsley had been buried in El Paso. *Id*., at 639. Having taken judicial notice of the reports, we dismissed the issue as moot. *Id*., at 640.

In the present case, the County has drawn the Court's attention to a special warranty deed that can be readily located in the Official Deed Records of El Paso County, showing the property at issue was conveyed by Navar to Nasar Investments, LLC on March 31, 2008.[1] According to the records, the LLC has never conveyed the property. Further, the El Paso Central Appraisal District Records indicate the property was taxed in the name of the LLC in 2017.[2] In response, Navar directs our attention to a declaratory judgment, also located in the Official Deed Records of El Paso County, declaring the special warranty deed void.[3] That judgment would seem to negate the County's standing arguments, but in its reply brief the County asserts the judgment voiding the deeds was itself void for failure to properly serve the LLC. In support of this assertion, the County

---

[1] Special Warranty Deed, No. 20080026019
http://www.epcounty.com/publicrecords/officialpublicrecords/OfficialPublicRecordSearch.aspx

[2] El Paso Central Appraisal District Records:
http://www.epcad.org/Search?Year=2017&Keywords=NASAR%20INVESTMENTS%20LLC&Page=0&PageSize=0

[3] Instrument #20170056204:
http://www.epcounty.com/publicrecords/officialpublicrecords/officialpublicrecordsearch.aspx

8

points to a request to set aside the judgment for lack of personal jurisdiction and to Navar's motion for new trial, which it claims are reflected in the case summary. The Register of Actions for El Paso County shows no service to the LLC for Case No. 2017DCV2527, and shows a motion for new trial was requested after the judgment was issued.[4] We take judicial notice of the foregoing public records, and because these records minimally corroborate the County's assertion, a fact issue exists as to whether Navar lacked a justiciable interest in the action below and thus did not have standing to bring suit. *Harris County v. Annab*, No. 17-0329, 2018 WL 2168484, at \*4 (Tex. May 11, 2018)(holding that "[w]hen a defendant raises a jurisdictional argument for the first time on appeal, remand may be appropriate to afford the plaintiff a 'fair opportunity to address' the jurisdictional argument" provided that the record does not conclusively negate jurisdiction) (*quoting Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012)); *see also Lovato*, 171 S.W.3d at 848-49; *Nauslar*, 170 S.W.3d at 250. Accordingly, because a fact issue exists as to whether the LLC, not Navar, owned the property at all times relevant to the lawsuit, the judgment of the trial court is reversed.

## CONCLUSION

Having sustained the County's first issue, the judgment of the trial court is reversed and the case is remanded for further proceedings.

June 6, 2018

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and Larsen, Senior Judge
Larsen, Senior Judge (Sitting by Assignment)

---

[4] Case No. 2017DCV2527
https://casesearch.epcounty.com/PublicAccess/Search.aspx?ID=200