

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00114-CV

———————————————————

IN THE INTEREST OF T.M., A CHILD

---

On Appeal from County Court at Law No. 1
Wichita County, Texas
Trial Court No. CCL-761-02-E

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant D.M. (Father) raises two issues arising out of a suit affecting the parent-child relationship (SAPCR) in which the trial court ordered an increase in Father's monthly child support payment to $1,710 and ordered Father to pay $16,630 in child support arrears. Father complains that the trial court abused its discretion by failing to deduct ordinary and necessary business expenses when calculating his self-employment income and that the trial court erred by failing to make findings of fact and conclusions of law. We affirm.

### II. BACKGROUND

Father and T.A.M. (Mother) were married in 1994, had two children, and divorced in 2003 pursuant to an agreed final decree of divorce. As part of the divorce decree, Father was ordered to pay Mother $500 per month for child support.

The clerk's record reflects that Father was frequently behind on child support payments. In 2006, he was ordered to pay $18,026.82 in arrears. In 2010, he was ordered to pay $19,431.02 in arrears. In 2015, Father was apparently behind again before the trial court signed an agreed order in which Mother agreed to release Father from arrears that had accrued since 2014.

Mother and Father had apparently been living together, but in 2017, Mother moved out and filed the underlying SAPCR, seeking to be appointed joint managing

2

conservator of one of their youngest child (T.M.) with the exclusive right to designate T.M.'s primary residence. Mother also sought child support.[1]

While the SAPCR was pending, Mother filed a motion to compel production and for sanctions. The trial court ordered Father to produce the requested documents, which were necessary to establish his income during the relevant time period. These documents included Father's 2016 and 2017 tax returns and W-2 and 1099 statements.[2] Several months later, Mother filed a motion for further sanctions, and the trial court signed an order in which it stated that Father had failed to comply with producing the previously ordered financial documents. Therefore, the trial court stated it was "deeming, for each month from [Mother's] original filing of her petition through the date of the final hearing, [Father's] net income to be at least $8,550.00 per month for purposes of establishing child support in this case." As a sanction, the trial court further stated,

> [Father] will not be allowed to offer any evidence for the purpose of contradicting the deemed amount of net income per month set out above unless he complies with this order in producing the documents ordered to be produced herein, as well as any documents [Father] is claiming would tend to prove or establish that his income is less than that deemed by the Court.

---

[1]Because the older child had turned 18, graduated high school, and no longer lived with Mother, the child support request only concerned T.M.

[2]Father is self-employed as a manager of several oil fields, which includes work "gauging." Mother testified that gauging is a service in the oil industry in which the gauger places a stick in the storage tank to measure how much oil is in the tank. Since April 2018, Father has operated his business as an LLC.

3

At the beginning of the December 14, 2018 final hearing, Mother's counsel asked the trial court to take judicial notice of its prior ruling and argued that the sanctions should remain in place because Father had still not complied with the trial court's prior orders:

> [MOTHER'S COUNSEL]: I'd ask the court to take judicial notice of the court's file and in particular the last order on motion to compel and for sanctions in which the court determined it would deem that [Father's] income, net income, was $8,550 per month and further ordered that he would not be allowed to produce any evidence to dispute that unless and until he provided the documents he was to provide to us so that we could prepare our case to show that his income is, in fact, that high. I think we're at that point. [Father's counsel's] office did send us some documents, but I'll attempt to establish through my client that it's wholly unacceptable in terms of he didn't provide a lot of what he should have. And so we're still shooting in the dark here just going on what we do know. So I really don't think it's fair for us to have to get into a fight about what his income is now with him not here to even answer questions about what his income is now. But with the Court's permission, I'll try to establish he didn't comply with the court's order.

Father's counsel argued that Father had complied and produced a handwritten list of monthly income from November 2017 through October 2018, some bank statements, a vehicle purchase application, and what appeared to be one page of a social security statement[3]:

> [FATHER'S COUNSEL]: Judge, before you make the deemed finding with regard to his income that [Mother's counsel] requests, I believe [Father] complied with your order and complied with your order in a timely manner. I have produced, and I'll put into evidence if need be, the responsive documents, which included lots of invoices, lots of bank records, and a summary of his monthly expenses. I believe [Father]

---

[3]Father's production still did not include any tax returns, 1099s, or W-2s.

4

complied with that order to the extent that you should not deem his income.

The trial court stated that it would carry the issue forward without ruling:

THE COURT: Let's do it this way. Let's carry a ruling on that forward. Let's go ahead with the hearing and get the -- I assume [Father's counsel] will put that into evidence to show that he had complied with whatever evidence y'all are going to put in, and then I'll see if I can figure it out from there.

Although his counsel was there, Father did not appear at the final hearing. Mother was the only witness. She testified that she had experience helping Father with billing for his business and that Father's previously deemed monthly income of $8,550 was a realistic amount of his net income. Mother testified that according to the vehicle purchase application, Father listed the LLC's income at $14,800 per month. According to Father's handwritten list of monthly income, his monthly income from November 2017 through October 2018 totaled $150,300, with each month's income exceeding $10,000 and an average monthly income of $12,525.

Father's exhibit 1 included more bank statements and a handwritten list that ostensibly detailed Father's monthly expenses.[4] Mother disputed that all of the listed expenses were business expenses and testified that they included personal expenses. She testified that many of the expenses, such as $8,400 for payroll, did not match with

[4]On appeal, Mother argues that the exhibit was admitted only for the limited purpose of showing that Father had complied with the trial court's prior orders compelling Father to produce responsive documents. But it is not entirely clear from the record if Father's exhibit 1 was admitted for a limited purpose. Because the admission of Father's exhibit 1 does not alter our conclusion, we consider it in our analysis.

the figures from the bank statements. She also testified that certain amounts, such as the $2,000 monthly vehicle expense was inflated because it covered two new, "high dollar" trucks—an expense that was not necessary.

Regarding T.M., Mother testified that he played sports and had no insurance. She also testified that they were currently living in an RV.

After the parties rested, the trial court took the matter under advisement. On December 20, 2018, the trial court signed an order increasing Father's child support payment to $1,710 per month (20% of $8,550) and ordering Father to pay $16,630 in arrearages. On January 9, 2019, Father filed a request for findings of fact and conclusions of law, and on February 12, 2019, Father filed a notice of past-due findings of fact and conclusions of law. The trial court never made findings, and this appeal followed.

### III. NO ABUSE OF DISCRETION FOR FAILING TO DEDUCT BUSINESS EXPENSES FROM FATHER'S SELF-EMPLOYMENT INCOME

In his first issue, Father argues that the trial court abused its discretion by failing to deduct "ordinary and necessary" business expenses from his self-employment income. *See* Tex. Fam. Code Ann. § 154.065(a), (b). Mother responds that while there was competent evidence of Father's income, there was no evidence of Father's business expenses. Mother further responds that even if Father's handwritten page of expenses is some evidence, it was wholly unsupported by other

6

documentation, and her testimony contradicted and called into question whether it only included business expenses or if it also included personal expenses.

We conclude that under either the previously deemed $8,550 amount of Father's income, or Mother's testimony that $8,550 was a realistic amount of his income, the trial court had a sufficient basis to ground its child support determination that was within the statutory guidelines and that accounted for Father's ordinary and necessary business expenses.

## A. Standard of review

"A trial court is given broad discretion in decreasing or increasing child support payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion." *In re C.K.H.*, No. 02-09-00257-CV, 2010 WL 3432790, at *1 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In the context of a child support order, sufficiency challenges are not independent points of error, but are "incorporated into an abuse of discretion determination." *Id.* at 387 n.2; *see Burney v. Burney*, 225 S.W.3d 208, 214 (Tex. App.—El Paso 2006, no pet.). Our analysis employs a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *McGuire,* 4 S.W.3d at 387 n.2. A trial court does not

abuse its discretion when there is some evidence of a substantive and probative character to support its order. *Newberry v. Bohn–Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

## B. Applicable law

Under Texas law, child support is generally determined by calculating the child support obligor's monthly "net resources" and applying statutory guidelines to that amount. *See* Tex. Fam. Code Ann. §§ 154.061(a), .062–.125; *see also id.* § 154.122 (creating presumption that the amount of support determined by the child support guidelines is the appropriate amount of support). Net monthly income is determined by applying the obligor's gross income to the tax chart prepared by the Title IV–D agency pursuant to family code section 154.061(b). *Id.* § 154.061(b).

The statute then requires certain additions and subtractions from monthly net income to arrive at the obligor's net resources for child support purposes. *See id.* §§ 154.061–.070. Resources include several types of income, including self-employment income. *Id.* § 154.062(b). The family code permits a trial court to consider certain deductions for calculating self-employment net income. *Id.* § 154.065(b).

The family code provides a bifurcated analysis in setting child support, depending on whether an obligor has net monthly resources above or below $8,550. *Id.* §§ 154.125(a), (a–1), .126. If the obligor's net monthly resources are below $8,550, the court must apply a presumptive award based on a percentage of the obligor's net

8

resources and the number of children. *Id.* § 154.125(b). But when the obligor's net monthly resources exceed $8,550, section 154.126 of the family code grants the court discretion to order additional amounts over and above the presumptive award. *Id.* § 154.126(a).

## C. Analysis

Before the final modification hearing, the trial court signed an order deeming Father's net monthly resources to be $8,550 and directing Father to produce responsive documents concerning his income and expenses. This $8,550 amount, as acknowledged by Father, was the figure that the trial court used to calculate Father's monthly child support payment—20% of $8,550 for $1,710 per month. Given Father's continued noncompliance with the trial court's orders, this could have been a sufficient basis to support the trial court's determination that Father's net monthly income is $8,550. *See In re J.D.N.*, 183 S.W.3d 128, 131–32 (Tex. App.—Dallas 2006, no pet.) (holding trial court did not abuse its discretion by deeming the father's monthly income to be $6,000 and then awarding $1,200 in monthly child support based on statutory guidelines after the father had repeatedly been warned yet failed to provide financial documentation of his net resources).

Additionally, Mother testified that she had done billing and created invoices for Father when she lived with him, that he was doing the same work, and that $8,550 "absolutely" was a realistic amount of Father's net monthly income. Thus, Mother's testimony also supports the trial court's child support determination based on Father's

net monthly income of $8,550. *See In re N.T.*, 335 S.W.3d 660, 667 (Tex. App.—El Paso 2011, no pet.) (holding trial court's determination of father's income was based on legally and factually sufficient evidence even though parents' testimony conflicted and noting that because of the father's "failure to produce documents of his earnings, the trial court was forced to choose between the conflicting parties' testimonies").

Here, the only evidence that would have arguably allowed the trial court to exercise its discretion to include additional self-employment deductions under section 154.065(b) consisted of Father's handwritten expense statement, the bank statements, and Mother's testimony. Father's counsel tried to get Mother to testify on cross-examination that Father had monthly business expenses evidenced by his exhibit 1. While Mother testified that she "assume[d] somebody pays [Father's employees]" and that a vehicle (including the costs of fuel and maintenance) would be a necessary expense for Father's line of work, and while she agreed with Father's counsel that telephones for communication would be necessary and also that "there would be miscellaneous supplies," Mother disputed that the amount on Father's exhibit 1 only consisted of business expenses:

> [FATHER'S COUNSEL:] And did you -- did you add up the expenses? Did you realize that he claims, not counting the IRS and taxes, that is he has $16,856.96 a month in expenses?
>
> [MOTHER:] Are you saying business expenses or expenses overall?

10

[FATHER'S COUNSEL:] I'm saying expenses on this monthly expense sheet that he provided?

[MOTHER:] He has listed his expenses there, yes.

[FATHER'S COUNSEL:] Okay. And you would trust my secretary's 10-key expertise to come up with the 16,856.96 total, wouldn't you?

[MOTHER:] I don't dispute the amount that he wrote down there. I dispute that those are all business expenses.

[FATHER'S COUNSEL:] I understand. Okay.

[MOTHER:] Or that they're all relevant anyway.

Mother also claimed the payroll amount was not reflected in the bank statements, and that the $8,400 payroll amount was inflated to pay their oldest child. She further testified that the $2,000 monthly vehicle expense was inflated because it covered two extravagant, new, "high dollar" trucks—an expense that was not necessary.

We conclude that even if the trial court failed to deduct Father's purported business expenses as described in Father's handwritten expenses sheet, it was not an abuse of discretion to award child support based on 20% of Father's monthly net income of $8,550. Although the trial court could have considered the handwritten sheet, it also could have disregarded the figures in light of Mother's testimony. *See Pirzada v. Rice*, No. 02-14-00145-CV, 2015 WL 1743461, at *4 (Tex. App.—Fort Worth Apr. 16, 2015, no pet.) (mem. op.) (rejecting the father's argument that the trial court abused its discretion by failing to deduct half of his gross income to account for

11

his 50% business partner when mother testified that father never had a business partner and reasoning the trial court could have disregarded father's testimony on that basis); *Hardin v. Hardin*, 161 S.W.3d 14, 23 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("[A]s the fact-finder, the trial court had the discretion to disbelieve [father's] testimony; the court was not required to accept [father's] evidence of his income and net resources as true."), *judgm't vacated w.r.m.*, No. 14-03-00342-CV, 2005 WL 310076 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Therefore, we overrule Father's first issue.

## IV. ANY ERROR BY FAILING TO MAKE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW WAS WAIVED

In his second issue, Father argues that the trial court erred by failing to make written findings of fact and conclusions of law under family code section 154.130(a) and rule of civil procedure 296. But Father was not entitled to findings under section 154.130(a) under the circumstances presented in this case. Section 154.130(a) states that "[w]ithout regard to" rules of civil procedure 296 through 299, in rendering a child support order, the court shall make the findings required by subsection (b) if (1) a party files a written request with the court before the final order is signed, but not later than 20 days after the date of rendition of the order; (2) a party makes an oral request in open court during the hearing; or (3) the amount of child support ordered by the court varies from the amount computed by applying the statutory percentage guidelines. Tex. Fam. Code Ann. § 154.130(a); *see Tenery v. Tenery*, 932 S.W.2d 29, 30

(Tex. 1996) (per curiam) (stating that if the trial court deviates from the statutory guidelines, findings are mandatory under section 154.130(a)(3)).

Father did not file a written request before the final order was signed or make an oral request during the hearing. *See* Tex. Fam. Code Ann. § 154.130(a)(1), (2). And, as explained above, the amount of child support ordered by the trial court did not vary from the amount computed by applying the statutory guidelines. *See id.* § 154.130(a)(3). Therefore, Father was not entitled to findings under section 154.130(a). *See In re J.F.*, No. 02-14-00324-CV, 2015 WL 6556969, at *4 (Tex. App.—Fort Worth Oct. 29, 2015, no pet.) (mem. op.) (holding that the trial court was not required to enter findings under section 154.130 when mother did not make an oral request during the hearing, did not argue that the amount varied from the statutory guidelines, and made her request pursuant to rules of civil procedure 296 and 297, not section 154.130(a)); *Hardin*, 161 S.W.3d at 19 (holding because the child support award did not trigger section 154.130, "no findings were required and the trial court did not abuse its discretion in failing to make findings under section 154.130").

Father filed his request for findings and conclusions under rule of civil procedure 296. Rule of civil procedure 296 provides that in "any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex. R. Civ. P. 296. Once properly requested, a trial court has twenty days to file its findings of fact and conclusions of law, and if the trial court fails to do so, the requesting party must

notify the trial court within thirty days after filing the original request. Tex. R. Civ. P. 297. When a party notifies the trial court of its failure to file findings and conclusions, but the notice is untimely, the requesting party has waived the right to complain on appeal. *See Vee Bar, Ltd. v. BP Amoco Corp.*, 361 S.W.3d 128, 131 (Tex. App.—El Paso 2011, no pet.) (holding ranch owners waived any right to complain on appeal about trial court's failure to file findings of fact and conclusions of law where owners' filing of past-due-findings notice in trial court was untimely).

Here, the trial court signed its final modification order on December 20, 2018. On January 9, 2019, Father timely filed a request for findings of fact and conclusions of law. Then, on February 12, 2019, Father notified the trial court of past-due findings of fact and conclusions of law. Father's notice of past-due findings and conclusions was not timely because it was more than thirty days after the January 9, 2019 request. Therefore, even if Father could claim an entitlement to findings under rule 296, he waived that entitlement. *See id.*

Accordingly, we overrule Father's second issue.

## V.  CONCLUSION

Having overruled Father's two issues, we affirm the trial court's modification order.

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered:  August 26, 2019

14