**Opinion issued December 17, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-18-00587-CV

———————————————

**BEATRICE SANDOVAL, Appellant**

**V.**

**DANIEL MARTINEZ, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-60445**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's order modifying the parent-child relationship, which removes appellant, Beatrice Sandoval, and appellee, Daniel Martinez, as joint managing conservators of their minor son, and makes Daniel the

sole managing conservator and Beatrice the possessory conservator.  In two issues on appeal, Beatrice contends that the trial court erred in (1) finding that changed circumstances support the modification and (2) entering a judgment that did not take into consideration Beatrice's two other minor children in setting child support and did not impose a geographic limitation to Texas on Daniel's right to designate the child's primary residence.  We affirm in part and reverse and remand in part.

## BACKGROUND

Beatrice and Daniel are parents of a child, DMJ,[1] who was two years old at the time of trial. On February 24, 2016, while the child was an infant, Beatrice and Daniel entered into an "Agreed Order in Suit Affecting the Parent-Child Relationship." Under this original agreed order, both parents were appointed joint managing conservators, with Beatrice having the exclusive right to designate the child's primary residence, which was required to be "in HARRIS or any contiguous county."

Thereafter, the relationship between the parents deteriorated, and Beatrice was arrested and charged with assaulting Daniel's new girlfriend, Katie, during an exchange of possession in September 2016.[2]

---

[1]     For purposes of this opinion, we refer to the child by the alias DMJ.

[2]     Beatrice received deferred adjudication and the charges were dismissed once she successfully completed the deferred-adjudication requirements.

In December 2016, Beatrice took the child to live with her mother in California. Her other children were already there, and she wanted to join them. She also claimed that she moved because she was having trouble financially and that she was frightened of Daniel.

On March 10, 2017, Daniel filed an "Emergency Motion to Modify Conservatorship and Possession or Access," alleging that Beatrice had "violated the present orders of this court" and had prevented Daniel from "seeing the child for the last four months." Beatrice returned to Texas with the child sometime that same month. Before the motion to modify went to trial, the trial court signed temporary orders placing the child with Daniel.

Daniel's motion to modify went to trial on March 26, 2018. At trial, both parties testified and presented evidence about their difficult relationship. Specifically, there was evidence about Beatrice's assault against Daniel's now-wife, Katie. There was also evidence of violence against Daniel, Beatrice's older daughter, and injuries to Beatrice and Daniel's two-year-old child while he was in Beatrice's care. Daniel testified that since the child was returned to his possession, the child also showed signs of aggressive behavior. When Daniel took the child to the doctor, the medical records note that the child was aggressive with the medical professionals. Finally, both Daniel and Beatrice testified about the almost four-

month period, during which Beatrice took the child and moved to California to live with her mother.

At the close of the trial, the trial court stated:

I find there has been a change in circumstance. I find that the respondent mother has committed family violence. I am appointing the father as the sole managing conservator of the child, the mother as the possessory conservator of the child. He may determine the residence of the child within the State of Texas.

The respondent has a modified standard possession order, which would be all of the standard possession order without Thursdays. Pickup and return will be at the petitioner's residence unless the parties can agree otherwise.

Respondent is to pay child support based on a gross income of $400 a week with the offset for her other children beginning April 1st, 2018, by wage withholding. Petitioner is to provide the health insurance for the child, and the parties will both pay one-half of the uninsured medical support as child support. Petitioner's child support is terminated per the prior temporary order.

On April 24, 2018, the trial court signed an "Order in Suit to Modify Parent-Child Relationship." The order, which is the subject of the present appeal, states that "[t]he Court finds that the material allegations in the petition to modify are true and that the requested modification is in the best interest of the child." The order does not specify family violence as the basis for the change in circumstances required to modify the original custody order. The order removes the parents as joint managing conservators and makes Daniel the sole managing conservator and Beatrice the possessory conservator.

4

On May 7, 2018, Beatrice timely filed a request for findings of fact and conclusions of law. Then, on July 3, 2018, over two months after the trial court signed the modification order, Beatrice notified the trial court of past-due findings of fact and conclusions of law. The trial court did not file findings of fact and conclusions of law.

This appeal followed.

## CUSTODY MODIFICATION BASED ON CHANGED CIRCUMSTANCES

In issue one, Beatrice contends that "[t]he Trial Court abused its discretion by appointing Daniel Martinez as Sole Possessory Conservator based on a finding of family violence."

### *Standard of Review and Applicable Law*

Because a trial court has broad discretion to decide the best interest of a child in family-law matters such as custody, visitation, and possession, we review a trial court's order modifying conservatorship under an abuse-of-discretion standard. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or when it clearly fails to correctly analyze or apply the law. *See In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Under the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error but are factors in assessing whether

5

the trial court abused its discretion. *See In re D.S.*, 76 S.W.3d at 516. An appellate court will sustain a legal-sufficiency issue when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). In determining whether there is legally sufficient evidence to support the trial court's exercise of discretion, we consider the evidence and inferences favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002); *In re P.M.B.*, 2 S.W.3d 618, 621–22 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We defer to the factfinder's resolution of underlying facts and to credibility determinations that may have affected its determination and will not substitute our judgment for the factfinder's. *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

To prevail on his petition to modify the parent-child relationship, Daniel had to establish that (1) modification would be in the child's best interest and (2) "the circumstances of the child, a conservator, or other party affected by the order has materially and substantially changed" since the date of the rendition of the February

23, 2016 "Agreed Order in Suit Affecting the Parent-Child Relationship." *See* TEX. FAM. CODE § 156.101(a)(1)(A). Here, Beatrice does not challenge the implied finding that the modification was in the child's best interest; she challenges only the implied finding of a material and substantial change in circumstances. Specifically, she contends that the evidence is insufficient to support the trial court's implied finding of a change of circumstances based on family violence.

In deciding whether a material and substantial change of circumstances has occurred, a factfinder is not confined to rigid or definite guidelines; instead, the determination is fact specific and must be made according to the circumstances as they arise. *In re A.L.E.*, 279 S.W.3d at 428. Material changes may include (1) the marriage of one of the parties, (2) poisoning of a child's mind by one of the parties, (3) change in the home surroundings, (4) mistreatment of a child by a parent or step-parent, or (5) a parent's becoming an improper person to exercise custody. *Id.* at 429. Additionally, a course of conduct pursued by a managing conservator that hampers a child's opportunity to favorably associate with the other parent may suffice as grounds for redesignating managing conservators. *In re Marriage of Chandler*, 914 S.W.2d 252, 254 (Tex. App.—Amarillo 1996, no writ); *Gunther v. Gunther*, 478 S.W.2d 821, 829–30 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). A material and substantial change in circumstances may be established by either direct or circumstantial evidence. *In re A.L.E.*, 279 S.W.3d at 429.

7

Because no findings of fact were entered in this case,[3] we infer that the trial court made all findings necessary to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990*); In re P.A.C.*, 498 S.W.3d 210, 217 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Under these circumstances, we review the record to determine whether some evidence supports the judgment and the implied findings, considering only the evidence most favorable to the judgment and

---

[3]    Rule of Civil Procedure 296 provides that in "any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. Once properly requested, a trial court has twenty days to file its findings of fact and conclusions of law, and if the trial court fails to do so, the requesting party must notify the trial court within thirty days after filing the original request. TEX. R. CIV. P. 297. When a party notifies the trial court of its failure to file findings and conclusions, but the notice is untimely, the requesting party has waived the right to complain on appeal. *See Vee Bar, Ltd. v. BP Amoco Corp.*, 361 S.W.3d 128, 131 (Tex. App.—El Paso 2011, no pet.) (holding ranch owners waived any right to complain on appeal about trial court's failure to file findings of fact and conclusions of law where owners' filing of past-due-findings notice in trial court was untimely).

Here, the trial court signed its final modification order on April 24, 2018. On May 7, 2018, Beatrice timely filed a request for findings of fact and conclusions of law. Then, on July 3, 2018, Beatrice notified the trial court of past-due findings of fact and conclusions of law. Beatrice's notice of past-due findings and conclusions was not timely because it was more than thirty days after the May 7, 2018 request. Because her notice of past due findings was untimely Beatrice has waived the right to complain about the lack of findings by the trial court.

upholding the judgment on any legal theory supported by the evidence. *Worford*, 801 S.W.2d at 109; *P.A.C.*, 498 S.W.3d at 217.

With these principles in mind, we review the evidence for a material and substantial change in circumstances since the February 23, 2016 agreed custody order that would, in the child's best interest, justify a custody modification.

*Analysis*

Beatrice contends that there was no evidence to support the trial court's implied "family violence" finding because it referred to "[a]n incident between Beatrice Sandoval and Katie Martinez, while Katie Martinez was married to another man, not living with Daniel Martinez, but in a dating relationship with Daniel Martinez." However, we need not decide whether Beatrice's assault against Katie constitutes "family violence," as that term is defined by the Family Code, because other evidence also supports the trial court's change-of-circumstances finding.

In addition to the assault against Katie, there was also evidence that, at a beach party in the summer of 2016, Beatrice followed Daniel in her car and rear-ended him because she was angry that he allowed someone to sit and cool off in his truck while not inviting her children to do so. Although Beatrice claimed that the incident occurred because she was texting, her foot slipped off the brake, and she bumped the barbecue pit that Daniel had attached to the back of his truck, the trial court, as factfinder, was entitled to disbelieve her testimony *See In re A.L.E.*, 279 S.W.3d at

9

427 (noting that we defer to factfinder on credibility issues). This would be some evidence of family violence against a family member as those terms are defined by Family Code section 71.003 and 71.004(1).[4]

Beatrice's older daughter testified in an earlier temporary-order hearing that Beatrice struck her in the head, arm, and leg. This, too, is some evidence of family violence, as those terms are defined by the Family Code. *See id.* Although Beatrice contended that her daughter had lied about the abuse, the trial court, as factfinder, was entitled to disbelieve her testimony. *See id.*

There was also evidence that, on one occasion, when Beatrice returned the child after a period of possession, Daniel noticed an iron burn on the child. Beatrice testified that she left the iron on the floor because she did not want it to fall on the child, but that when he walked by the iron on the floor, he burned himself. Daniel also noticed a gash on the child's chin and that he had a bump between his eyes and two black eyes. Beatrice claimed that these injuries were caused when the child

---

[4] "Family violence" means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself." TEX. FAM. CODE § 71.004(1); *see also* TEX. FAM. CODE § 101.0125 (applying definition in section 71.004 to suits affecting parent-child relationship). "Family" includes individuals related by consanguinity or affinity or who are the parents of the same child, without regard to marriage. TEX. FAM. CODE. § 71.003.

accidentally fell. Again, the trial court, as factfinder, was entitled to disbelieve Beatrice's explanations. *See id.*

Finally, and perhaps most importantly, there was evidence that, even though the original decree provided that Beatrice was required to maintain the child's primary residence in Harris or any contiguous county, she moved with the child to California on December 24, 2016, and kept him there until March 2017. During her stay in California, Daniel was deprived of his court-ordered visitation, including the Christmas holidays in 2016. Beatrice claimed that she moved to her mother's house in California because she was having a hard time financially and she was scared for her safety because Daniel "was coming around the apartment, driving around crazy, screaming at [her], banging on [her] door, blowing his horn." She also said that her other children were already living with her mother in California and she wanted to join them. The record shows that Daniel filed an "Emergency Motion to Modify Conservatorship and Possession or Access" on March 10, 2017, and that Beatrice returned to Texas about that time. Beatrice testified that she returned to Texas because she wanted to obtain custody "the legal way."

In *Arredondo v. Betancourt*, 383 S.W.3d 730, 739–40 (Tex. App.—Houston [14th Dist.] no pet.), the mother appealed from a modification that designated the father as the conservator with the exclusive right to designate the child's primary residence. The court of appeals held that there was evidence to support the

11

modification—the mother had moved the child to Mexico without telling the father beforehand, she failed to return the child to the father for his possession period, including the Christmas visitation, and the father's ability to exercise visitation would be significantly impaired if the mother were allowed to move to Mexico with the child. *Id.* It should be noted that the court of appeals found sufficient evidence to show a change of circumstances, even though when the mother moved the child to Mexico there was no geographic restriction in the decree preventing her from doing so. *Id.* at 738.

In this case, there *was* a geographic restriction in the decree that required Beatrice to "maintain the child's primary residence in HARRIS or any contiguous county." Despite that restriction, Beatrice moved the child to California without prior notice to Daniel, and, in doing so, she deprived him of his court-ordered visitation. Following the reasoning of the court in *Arredondo*, which applies even more so because of the geographic restriction in this case, we conclude that there is sufficient evidence to show a change in circumstances. *See* 383 S.W.3d at 739–40.

Based on the assault against Katie, even if not family violence, the evidence of family violence against Daniel, Beatrice's older daughter, and the child, plus the fact that Beatrice moved to California in violation of the court order thereby depriving Daniel of visitation rights, the trial court did not abuse its discretion in its implied finding of a change in circumstances.

Accordingly, we overrule issue one.

## DOMICILE RESTRICTION AND CHILD-SUPPORT CREDIT

In issue two, Beatrice contends the trial court "erred in signing the Judgment in Suit to Modify that did not impose a domicile restriction on the child to Texas and did not calculate child support considering [Beatrice's] two other children, not before the trial court."

Daniel "concedes that [Beatrice] should be entitled to a reduction of child support due to the amount of child support assessed in the final order not taking into consideration the two other minor children not before the Court." Daniel also acknowledges that "the domicile of the child should be restricted to the state of Texas as per the ruling made by the Judge." We agree that the judgment does not include the restriction and credit requested by both parties, and that the trial court indicated that it intended to include such in its judgment.

Accordingly, we sustain issue two.

## CONCLUSION

We reverse only the portions of the order determining the amount of child support Beatrice owes and giving Daniel the right to designate the child's primary residence without a geographical limitation to the State of Texas. We remand the case to the trial court to (1) recalculate Beatrice's child support, taking into consideration her other two minor children, and to (2) impose a geographical

13

limitation to the state of Texas on Daniel's right to designate the primary residence of the child. We affirm the remaining portions of the judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.