COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GEORGE HADDY, | § | No. 08-10-00168-CV |
| Appellant, | § | Appeal from |
| v. | § | 448th District Court |
| JOHN W. CALDWELL, JR., | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2010-700) |
| | § | |

**O P I N I O N**

George Haddy, appearing *pro se*, appeals from an order dismissing his legal malpractice suit

against John W. Caldwell, Jr. on the ground that Haddy lacked standing.  We reverse and remand.

**FACTUAL SUMMARY**

Haddy's petition alleged that on January 12, 2004, he and his wife, Ana Haddy, entered into

a contingency fee contract with Caldwell in connection with a medical malpractice claim against

William Beaumont Army Medical Center.  That medical malpractice claim related to medical

treatment of Ana Haddy in October of 2003.  Caldwell filed the suit in federal district court on

September 13, 2006. Both Haddy and his former wife were named as plaintiffs.  The court granted

summary judgment in favor of the defendant on February 29, 2008.  Haddy and his wife divorced

in December of 2008.  Haddy filed suit in the instant case on February 25, 2010.  His petition alleged

that he did not learn of the alleged legal malpractice until August 27, 2008.  Haddy's ex-wife is not

a party to the legal malpractice action against Caldwell.

Caldwell filed a motion to show authority pursuant to Tex.R.Civ.P. 12 in which he asserted

that Haddy had only a derivative interest in his former wife's medical malpractice case, and since

Ana Haddy was not a party to the legal malpractice suit, Haddy did not have standing to prosecute the case. Caldwell requested that the court dismiss the suit for lack of jurisdiction. Caldwell later filed a motion to dismiss on the same ground. Following a hearing, the trial court granted the motion and dismissed Haddy's suit with prejudice.

## VALIDITY OF MOTION TO DISMISS

In his first issue, Haddy contends that the trial court erred by granting Caldwell's motion to dismiss because such a motion is not the proper procedural tool for summary adjudication of an action. Caldwell's motions to show authority and to dismiss challenged Haddy's standing to bring the legal malpractice action.

Standing is a component of subject matter jurisdiction. *DaimlerChrysler Corporation v. Inman*, 252 S.W.3d 299, 309 (Tex. 2008); *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex. 1993). A court has no jurisdiction over a claim pursued by a plaintiff who lacks standing to assert the claim. *DaimlerChrysler*, 252 S.W.3d at 304. When a plaintiff lacks standing, the proper resolution is to dismiss the lawsuit. *Id*.

It is well established that a party's standing may be challenged by a plea to the jurisdiction as well as by other procedural vehicles, such as a motion for summary judgment. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A lack of standing can be raised by a motion to dismiss but the motion is treated as a plea to the jurisdiction because standing is a component of subject matter jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001); *Clifton v. Walters*, 308 S.W.3d 94, 98 (Tex.App.--Fort Worth 2010, pet. denied); *see also Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex.App.--Houston [14th Dist.] 2004, no pet.)(holding that motion to dismiss for lack of jurisdiction is functional equivalent of a plea to the jurisdiction). The trial court did not err by considering the standing issue raised by Caldwell in his motions seeking

dismissal of the suit. Issue One is overruled.

## STANDING

In Issue Two, Haddy argues that the trial court erred by concluding that he lacked standing to maintain the legal malpractice suit against Caldwell. As noted in our discussion of Issue One, we will review Caldwell's motion to dismiss based on lack of standing in the same manner as a plea to the jurisdiction. *See Brown*, 53 S.W.3d at 305 n.3; *Clifton*, 308 S.W.3d at 98. Whether the trial court has subject matter jurisdiction is a question of law that we review *de novo*. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Texas Association of Business*, 852 S.W.2d at 446. A plea to the jurisdiction can be utilized to challenge whether the plaintiff has met his burden of alleging jurisdictional facts but it can also raise a challenge to the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226-27. If a plea to the jurisdiction challenges the existence of jurisdictional facts, as in this case, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

To have standing, the plaintiff must have a personal stake in the outcome of the suit, *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001), and his injury must be concrete and particularized, actual or imminent, not hypothetical. *DaimlerChrysler*, 252 S.W.3d at 304-05. A party's standing is determined at the time suit is filed. *Texas Association of Business*, 852 S.W.2d at 446 n.9. In determining standing, we look to the facts alleged in the petition, but may consider other evidence

in the record if necessary to resolve the question of standing. *Bland*, 34 S.W.3d at 555.

To recover on a claim of legal malpractice a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 117 (Tex. 2004); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). Privity, which refers to the contractual connection or relationship existing between attorney and client, is directly related to the existence of duty and is necessary for a plaintiff to have standing to bring a legal malpractice claim. *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 621 (Tex.App.--Houston [1st Dist.] 1993, writ denied).

Caldwell did not base its motion to dismiss on lack of privity. The record includes a copy of the contingency fee contract signed by Haddy and his former wife. The contract identifies Haddy and his former wife as the clients in the representation and Caldwell's firm agreed to represent them in connection with medical negligence at William Beaumont Army Medical Center in treating Ana Haddy in October of 2003. Given the existence of this contractual relationship between Haddy and Caldwell, there is no lack of privity.

Caldwell argued that Haddy lacked standing because his loss of consortium claim is a derivative claim which required his former wife to be joined as a party in order for Haddy to have standing to prosecute the legal malpractice action. Caldwell essentially argues that Haddy's loss of consortium claim is completely derivative of his former wife's medical malpractice claim, but this argument is not supported by applicable case law. Haddy's claim for loss of consortium is considered to be derivative of his former wife's medical malpractice claim to the extent that he would be required to establish the tortfeasor's liability for his former wife's injury in order to recover loss of consortium damages. *See In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 646 (Tex. 2009);

*Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978). Loss of consortium claims are not, however, entirely derivative because they are separate and independent claims distinct from the injured spouse's claim. *In re Labatt*, 279 S.W.3d at 646; *Whittlesey*, 572 S.W.2d at 667, 669 (holding that a spouse's loss of consortium claim is not barred by a settlement agreement or release executed by the injured spouse if the non-injured spouse did not sign the release). Even if Caldwell was correct that Haddy's loss of consortium claim is derivative of his wife's medical malpractice claim, he cites no authority which holds that Haddy's legal malpractice claim is likewise derivative of his former wife's claim. We conclude that Haddy has standing to maintain the legal malpractice action. We sustain Issue Two and reverse the judgment of the trial court dismissing the suit for lack of jurisdiction. The cause is remanded to the trial court for further proceedings consistent with this opinion.

June 15, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.