COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





VEE BAR, LTD, FREDDIE JEAN
WHEELER f/k/a FREDDIE JEAN
MOORE, C.O. “PETE” WHEELER, JR.,
and ROBERT A. WHEELER,

                                    Appellants,

v.

BP AMOCO CORPORATION f/k/a
AMOCO PRODUCTION COMPANY
f/k/a AMOCO PRODUCTION CO. 
f/k/a STANOLIND OIL & GAS
CORPORATION, TRONOX
WORLDWIDE, LLC, SWEPI, LP,
SHELL OIL COMPANY, and M&J
ENERGY, INC.,

                                    Appellees. 

§
 
§
 
§
 
§
 
§

§

 §

 §

 §

 §

 §





No. 08-08-00087-CV

Appeal from
 109th District Court

of Winkler County, Texas

(TC # 15085)



 

 

 





O P I N I O N

            Appellants Vee Bar, Ltd., Freddie Jean Wheeler f/k/a Freddie Jean Moore; C.O. “Pete”
Wheeler Jr., and Robert A. Wheeler (collectively referred to as “Vee Bar”) bring this appeal from
orders granting pleas to the jurisdiction and dismissing the suit in favor of BP Amoco Corporation
f/k/a Amoco Production Company f/k/a Amoco Production Company f/k/a Stanolind Oil & Gas
Corporation (“BP”), Tronox Worldwide, LLC (“Tronox”), SWEPI, LP, and Shell Oil Company
(collectively “Shell”), and M&J Energy, Inc., Appellees. For the reasons that follow, we reverse and
remand.
FACTUAL SUMMARY
            Vee Bar owns 20,480 acres of land known as the Wheeler Ranch in Winkler County and
Ector County, Texas. Vee Bar purchased the Ranch on December 28, 1994, from five Wheeler
siblings, Freddie Jean Moore, C.O. “Pete” Wheeler, Jr., Robert Wheeler, Mollie Jo Rice, and Helen
Joyce Bowers. The siblings owned the ranch as tenants in common, with each owning an undivided
1/5 interest in the land. They acquired their interests in the Ranch by gift deed and inheritance from
their parents, C.O. and Helen Wheeler, who acquired title in the early 1930s.
            At various times prior to 1994, each of the Appellees held oil and gas leases on the portion
of the Ranch at issue here. From 1937 through 1967, Shell owned an undivided 1/2 interest in three
oil and gas leases. In 1967, Shell sold its interests to Petroleum Corporation of Texas and it no
longer had any interest in the leases and did not conduct any operations on the property. BP
America’s subsidiaries or former subsidiaries had a partial interest in three oil and gas leases and
operated wells on those leases, but no BP company had any interest in or any operations on the
property after 1991. Similarly, Tronox’s predecessors


 owned an interest in an oil and gas lease on
the property, but the predecessor sold all of its interests in the property on December 11, 1992. 
            On February 14, 2006, Vee Bar filed suit against several defendants, including BP, Shell, and
Tronox, seeking recovery of damages for temporary and/or permanent injury to 640 acres of the
Ranch caused by the deposit of various substances on the property, including naturally occurring
radiation materials (NORM). Vee Bar alleged that the defendants knowingly deposited toxic
hydrocarbons and toxic substances which contaminated the surface as well as subsurface waters and
aquifers. Vee Bar additionally alleged that the injury could not have been discovered until 2005.
            Shell, Tronox, and BP filed pleas to the jurisdiction, alleging Vee Bar did not have standing
because the alleged damage occurred on the Wheeler Ranch prior to Vee Bar’s purchase of the
property and there was no express provision in the deed conveying any cause of action to Vee Bar. 
M&J Energy later joined and adopted the pleas to the jurisdiction filed by Shell, Tronox, and BP. 
Vee Bar then obtained assignments from three of the Wheeler siblings, Freddie Jean Wheeler, C.O.
“Pete” Wheeler, Jr., and Robert Wheeler. Each of them assigned 95 percent of their individual
interests in any claims relating to damage to the surface or subsurface of the Ranch. Vee Bar filed
amended petitions which included these three siblings as plaintiffs. Vee Bar did not obtain
assignments from Helen Joyce (Wheeler) Bowers or Richard R. “Trey” Rice


 and joined them as
involuntary plaintiffs. Bowers and Rice filed an answer, but they have not filed any objection to
their joinder as involuntary plaintiffs. The trial court granted the pleas to the jurisdiction filed by
Tronox, Shell, BP, and M&J Energy and dismissed the suit. This appeal follows.
FAILURE TO MAKE FINDINGS OF FACT
AND CONCLUSIONS OF LAW

            In Issue One, Vee Bar contends that the trial court erred by failing to enter findings of fact
and conclusions of law. Vee Bar filed its initial request on October 29, 2007 and a notice of past due
findings on December 14, 2007. 
            Under Texas Rule of Civil Procedure 297, “If the court fails to file timely findings of fact and
conclusions of law, the party making the request shall, within thirty days after filing the original
request, file . . . a ‘Notice of Past Due Findings of Fact and Conclusions of Law.’” [Emphasis
added]. Tex.R.Civ.P. 297. Vee Bar filed the past due notice sixty days after filing the original
request. Since Vee Bar’s notice was untimely, it has waived any right to complain about the
court’s failure to file findings. Curtis v. Commission for Lawyer Discipline, 20 S.W.3d 227, 232
(Tex.App.--Houston [14th Dist.] 2000, no pet.). Issue One is overruled. 
STANDING AND FAILURE TO JOIN NECESSARY PARTIES
            In Issue Two, Vee Bar contends that the trial court erred by granting the pleas to the
jurisdiction because it had standing to bring the claim by virtue of the joinder of the involuntary
plaintiffs and the assignments executed by three of the five Wheeler siblings. Appellees counter that
Vee Bar improperly joined Bowers and Rice as involuntary plaintiffs, and the assignments executed
by only three of the five siblings is insufficient to confer standing to prosecute the suit for injury to
real property. Alternatively, Appellees contend that the dismissal of Vee Bar’s suit should be
affirmed on the ground stated in the plea in abatement because Vee Bar failed to properly join the
indispensable parties.
Standard of Review -- Plea to the Jurisdiction
            Subject matter jurisdiction is essential to the authority of a court to decide a case. Texas
Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 443 (Tex. 1993). Standing
is a component of subject matter jurisdiction. DaimlerChrysler Corporation v. Inman, 252 S.W.3d
299, 309 (Tex. 2008). A court has no jurisdiction over a claim pursued by a plaintiff who lacks
standing to assert the claim. DaimlerChrysler, 252 S.W.3d at 304. When a plaintiff lacks standing,
the proper resolution is to dismiss the lawsuit. Id. 
            The plaintiff has the burden to plead facts affirmatively showing that the trial court has
jurisdiction. Texas Association of Business, 852 S.W.2d at 446; Haddy v. Caldwell, --- S.W.3d ---,
2011 WL 2350242, *2 (Tex.App.--El Paso June 15, 2011, no pet. h.). A plea to the jurisdiction can
be utilized to challenge whether the plaintiff has met his burden of alleging jurisdictional facts but
it can also raise a challenge to the existence of jurisdictional facts. Texas Department of Parks and
Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004). If the plea to the jurisdiction challenges
the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the
parties. Miranda, 133 S.W.3d at 227; Haddy, 2011 WL 2350242 at *2. When the relevant evidence
is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the
plea to the jurisdiction as a matter of law. Miranda, 133 S.W.3d at 228; Haddy, 2011 WL 2350242
at *2. If, however, the evidence creates a fact question regarding jurisdiction, then the trial court
must deny the plea, and the fact issue will be resolved by the fact finder. Miranda, 133 S.W.3d at
227-28; Haddy, 2011 WL 2350242 at *2. We review the trial court’s ruling on a plea to the
jurisdiction de novo. State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007); Miranda, 133 S.W.3d
at 226.
Standing
            In Texas, a cause of action for injury to real property belongs to the person who owned the
property at the time of the alleged injury. Ceramic Tile International, Inc. v. Balusek, 137 S.W.3d
722, 724 (Tex.App.--San Antonio 2004, no pet.). A subsequent purchaser cannot recover for an
injury committed before his purchase absent an express provision in the deed, or by virtue of an
assignment granting him that power. Ceramic Tile, 137 S.W.3d at 724.
            In 1994, Vee Bar purchased the property from the Wheeler siblings who each owned, as
tenants in common, an undivided 1/5th interest in the property. The deed does not contain an
express provision conveying to Vee Bar the siblings’ right to sue for injury to the real property. At
the time Vee Bar filed suit, it lacked standing to bring suit because none of the Wheeler siblings had
assigned the claim. But after Appellees filed their plea to the jurisdiction, Vee Bar obtained an
assignment from three of the five siblings and amended its pleadings to so reflect. Appellees, in
turn, filed a plea in abatement on the ground that Vee Bar had not obtained an assignment from all
of the co-tenants, nor had it joined all of them in the suit. Appellees sought abatement until Vee Bar
joined all of the co-tenants, or alternatively, that the suit be dismissed if Vee Bar failed to join them. 
The record before us does not reflect that the trial court ever ruled on the plea in abatement and Vee
Bar subsequently joined the remaining two siblings as involuntary plaintiffs. Following the joinder
of Rice and Bowers as involuntary plaintiffs, Appellees filed supplemental pleas to the jurisdiction
asserting that Vee Bar lacked standing because it had obtained assignments from only three of the
five siblings and it had improperly joined Rice and Bowers. The trial court granted the pleas to the
jurisdiction and dismissed the suit.
            The supplemental pleas to the jurisdiction relied on the well settled rule that in a suit to
recover for injury to real property, all the tenants in common must join. Gulf, C. & S.F. Ry. Co. v.
Cusenberry, 86 Tex. 525, 26 S.W. 43, 44-45 (1894); Myer v. Cuevas, 119 S.W.3d 830, 843
(Tex.App.--San Antonio 2003, no pet.). The rationale for the joinder requirement is to prevent: (1) a
multiplicity of suits; (2) several recoveries for one trespass and; (3) an inconvenience for the parties. 
Hicks v. Southwestern Settlement & Development Corp., 188 S.W.2d 915, 921 (Tex.Civ.App.--Beaumont 1945, writ ref’d w.o.m.), citing May v. Slade, 24 Tex. 205 (1859). The cases cited by
Appellees do not support their position that Vee Bar must join the remaining siblings in obtain
standing.
            In Cusenberry, the plaintiff brought suit on behalf of his wife against a railway company for
the negligent burning of grass upon lands which belonged to his wife. Id. at 43. With respect to one
portion of land, the plaintiff’s wife owned an undivided one-half interest and the other owner was
not a party to the suit. The plaintiff sought recovery of only one-half of the damages to that property.
On appeal, the defendant argued that the plaintiff should not have been permitted to recover because
the owner of the undivided half of that tract had not been made a party. The Supreme Court stated:
The rule is well settled by the decisions of this court that in a suit to recover damages
for an injury to real property all the tenants in common must join, but that advantage
of the defect in the petition must be taken by a plea in abatement; and that, in the
absence of such plea, the plaintiff may recover damages in an amount proportionate
to his interest in the property. [Citations omitted]. The plea in abatement must give
the plaintiff a better writ. Hence the defendant should not only have pleaded the
nonjoinder, but the plea should have shown who were the owners of the other half
interest. Not having done this, it cannot now complain that the plaintiff was
permitted to recover one-half of the damages to a survey to which he showed title in
his wife to an undivided one-half interest. [Emphasis added].

Cusenberry, 26 S.W. at 44-45. Cusenberry does not stand for the proposition that the non-joinder
of a tenant in common deprives the plaintiff of standing and the trial court of jurisdiction over the
suit. To the contrary, the case states the rule that a defendant waives any complaint about the non-joinder of a co-tenant if he fails to raise the non-joinder by plea in abatement. In contrast, a lack of
standing cannot be waived by failure to raise the issue in the trial court and it can be raised for the
first time on appeal. Texas Association of Business, 852 S.W.2d at 445-46. 
            In Myer, a condominium unit owner sued the board of directors of the condominium regime



and four members of the board individually alleging violations of the open meetings act,
mismanagement of corporate assets, and breach of fiduciary duty. Myer, 119 S.W.3d at 832. The
board members filed a plea in abatement alleging that Myer lacked standing to sue them individually
because the causes of action he brought belonged to the corporation and could only be brought by
the council of co-owners.


 Id. at 833. The trial court granted the board members’ plea and ordered
Myer to amend his petition to establish standing. Id. When Myer failed to amend his petition, the
court dismissed his suit without prejudice. Id. Citing the Cusenberry rule as well as the rule that
a corporate stockholder cannot recover damages personally for a wrong done solely to the
corporation, the San Antonio Court of Appeals determined that Myer, as an individual owner, lacked
standing. Id. at 834-35. Myer is distinguishable because condominium ownership is a unique form
of real property ownership governed by statute and we decline to apply it to this case which involves
tenancy in common. 
            We conclude that Vee Bar has standing to prosecute the injury to property claims by virtue
of the assignments provided by three of the five Wheeler siblings. The trial court erred by granting
the pleas to the jurisdiction and dismissing the suit. The only remaining issue is whether the trial
court’s dismissal of the suit can be upheld on the basis that the joinder of Bowers and Rice is
improper.
Joinder of Rice and Bowers
            Vee Bar next argues that Rice and Bowers were properly joined pursuant to Tex.R.Civ.P.
39(a), and therefore, the trial court’s dismissal order cannot be upheld on the grounds presented in
the plea in abatement. In addition to seeking dismissal on the ground of standing, Appellees also
filed a plea in abatement asserting that Vee Bar had failed to obtain assignments from Rice and
Bowers. Following the joinder of Rice and Bowers as involuntary plaintiffs pursuant to Rule 39(a),
Appellees argued that their joinder was improper. At the hearing on the various pleas, Vee Bar’s
counsel suggested that the parties could be realigned and Rice and Bowers could be re-cast as
defendants as permitted by Rule 39(a) if the court determined that they should not have been joined
as involuntary plaintiffs. That rule provides:
(a) Persons to be Joined if Feasible. A person who is subject to service of process
shall be joined as a party in the action if (1) in his absence complete relief cannot be
accorded among those already parties, or (2) he claims an interest relating to the
subject of the action and is so situated that the disposition of the action in his absence
may (i) as a practical matter impair or impede his ability to protect that interest or (ii)
leave any of the persons already parties subject to a substantial risk of incurring
double, multiple, or otherwise inconsistent obligations by reason of his claimed
interest. If he has not been so joined, the court shall order that he be made a party. 
If he should join as a plaintiff but refuses to do so, he may be made a defendant, or,
in a proper case, an involuntary plaintiff.

It is undisputed that Rice and Bowers refused to assign claims for injury to real property to Vee Bar
and Vee Bar’s fourth amended petition alleges that Rice and Bowers refused to join the suit as
plaintiffs. Rice and Bowers have filed an answer and the record does not indicate that they ever
objected to their joinder. Under the case law cited by both parties, Vee Bar cannot proceed with its
suit in the absence of Rice and Bowers because Appellees initially objected to their non-joinder
when they filed the plea in abatement. Stated in Rule 39(a)(1)’s terms, complete relief could not be
accorded Vee Bar in the absence of Rice and Bowers. Vee Bar was therefore permitted to join Rice
and Bowers as defendants, or “in a proper case” as involuntary plaintiffs. Even assuming that
Appellees are correct in their argument that this is not a proper case for Rice and Bowers to be joined
as “involuntary plaintiffs,” the trial court did not give Vee Bar an opportunity to amend its pleadings
to join Rice and Bowers as defendants. We conclude that the trial court abused its discretion by
dismissing the suit due to the alleged improper joinder of the involuntary plaintiffs. Cf. Longoria
v. Exxon Mobil Corporation, 255 S.W.3d 174, 184 (Tex.App.--San Antonio 2008, pet. denied)
(applying abuse of discretion standing of review to trial court’s dismissal of suit due to plaintiff’s
failure to join parties pursuant to Rule 39(a)). Accordingly, we sustain Issue Two and reverse the
orders dismissing the suit. The cause is remanded to the trial court for further proceedings consistent
with this opinion.

October 26, 2011                                             
                                                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)