

# NUMBER 13-20-00400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CASTLE RIVER ARCHITECTURAL
CONTROL COMMITTEE                                                        Appellant,

v.

SAMANTHA LUARCA,                                                          Appellee.

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Castle River Architectural Control Committee (ACC) appeals the trial court's granting of appellee Samantha Luarca's plea to the jurisdiction and motion to dismiss. By two issues, which we renumber, ACC argues: (1) it has standing to enforce restrictive covenants, and (2) the trial court's order "granting judgment against [Michael] Pusley" is error. We affirm.

## I.   BACKGROUND

Luarca is a resident of the Castle River Subdivision (CRS). CRS is governed by its declaration, which was recorded in Nueces County. ACC was created by the declaration and consists of three members, including Pusley. The declaration requires all homeowners within CRS to submit a plan and specifications to ACC before building or erecting any building. It grants ACC the explicit authority to approve or disapprove a homeowner's request to erect or place a building on any lot located within CRS.

Luarca did not obtain ACC's approval before she erected an outbuilding on her property in CRS. On May 15, 2019, ACC notified Luarca that the outbuilding did not comply with CRS's restrictive covenants. On February 6, 2020, ACC sued Luarca seeking to enforce the restrictive covenants.

Luarca generally denied the allegations against her. She subsequently filed a joint plea to the jurisdiction and motion to dismiss asserting ACC lacked standing to sue her pursuant to the Texas Property Code because: (1) it was not a property owners' association (POA), *see* TEX. PROP. CODE ANN. § 202.001(2); (2) it was not a designated representative of a property owner, *see id.* § 202.004; and (3) it was not a property owner. *See id.* ACC responded that, as "an unincorporated [POA] whose members consist of owners of the property," it had standing to bring suit on behalf of its members.

Following a two-day hearing, on August 20, 2020, the trial court orally dismissed ACC's claims for lack of standing, stating that the declaration:

> could have made the ACC the body that could sue, but it clearly doesn't. I mean, it spells out who can do it and it says, "If any person or persons violates or attempts to violate," [the declaration] . . . "it shall be lawful for any

2

person or persons owning any lot in said subdivision to prosecute proceedings at law or in equity against the person," that's what it says. So[,] I don't think the ACC can do it.

The trial court then requested that the parties submit proposed orders of dismissal without prejudice so that ACC could refile with the proper parties named. Instead, that same day, ACC amended its petition, added Pusley as a named plaintiff, and sought a permanent injunction requiring that Luarca remove the outbuilding. On August 23, 2020, the trial court granted Luarca's joint plea to the jurisdiction and motion to dismiss and ordered the claims against Luarca dismissed.

On September 15, 2020, ACC and Pusley filed a motion to reconsider asserting "the only reasonable characterization of [ACC] is that they are a [POA]." They further requested clarification of the August 23, 2020 order, asserting that, though Pusley was now a party to the suit, the order did not address him. The parties filed bench briefs regarding the timeliness of Pusley's appearance in the case.

On September 17, 2020, the trial court held a hearing. At the hearing, the parties informed the trial court that Pusley, in his individual capacity as CRS homeowner, filed a separate suit against Luarca in a separate cause number in another trial court, asserting the same cause of action, and seeking the same relief, which according to the parties is still pending. Luarca stated:

> It's really disingenuous for these guys to come here today, ask you to reconsider a motion—an order on an issue that they've already taken—they've already taken material steps towards remedying by filing a second lawsuit alleging the same causes of action against the same client.

3

Three days later, the trial court denied the motion to reconsider, ordered that the August 23, 2020 order "remains in full effect," reiterated that "[t]his order finally disposes of all claims and all parties," and is "final and appealable." The trial court's dismissal specifically ordered that Pusley's separate lawsuit "Case No. 2020DCV-3240-D; *Michael Pusley v. Samantha Luarca* in the 105th District Court, Nueces County shall be transferred to this Court per the local rules." This appeal followed.

## II.     STANDING

By its first issue, ACC asserts the trial court erred in granting Luarca's motion to dismiss because it has standing to sue as a POA.

## A.     Applicable Law and Standard of Review

Standing is a component of subject matter jurisdiction. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 309 (Tex. 2008); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A court has no jurisdiction over a claim pursued by a plaintiff who lacks standing to assert the claim; the proper resolution is to dismiss the lawsuit. *DaimlerChrysler*, 252 S.W.3d at 304. Standing may be challenged by "a motion to dismiss[,] but the motion is treated as a plea to the jurisdiction because standing is a component of subject matter jurisdiction." *Haddy v. Caldwell*, 355 S.W.3d 247, 250 (Tex. App.—El Paso 2011, no pet.); *see Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001); *Clifton v. Walters*, 308 S.W.3d 94, 98 (Tex. App.—Fort Worth 2010, pet. denied); *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that a motion to dismiss for lack of jurisdiction is functionally the equivalent of a plea to

4

the jurisdiction).

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). The burden is on the plaintiff to plead facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *See id.* We must uphold the trial court's granting of a plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

**B.    Discussion**

Article VII of the declaration, entitled "Right to Enforce," provides:

> The said H. E. R. Development Company, or the owners of any lot or lots in this subdivision shall have the right to enforce observance or performance of the provisions of this instrument. If any person or persons violates or attempts to violate any of the restrictions, terms, conditions, or covenants contained herein, it shall be lawful for any person or persons owning any lot in said subdivision to prosecute proceedings at law or in equity against the person violating or attempting to violate any such restriction . . . .

The declaration provides that the H.E.R. Development Company and the owners within CSR have the right to enforce the declaration. The declaration does not, however, confer upon ACC the authority to enforce violations of restrictions.[1] Nonetheless, ACC claims it

---

[1] It is undisputed that ACC's members are homeowners with authority to sue Luarca individually

5

has standing to enforce the subdivision's restrictive covenants because "[a]n association, including a [POA], can have standing to sue on behalf of its members." It reiterates it is a POA throughout its brief, and its appellate argument is based on this premise.

Section 202.001 of the property code defines a POA as "an incorporated or unincorporated association owned by or whose members consist primarily of the owners of the property covered by the [declaration] and through which the owners, or the board of directors or similar governing body, manage or regulate" a subdivision. TEX. PROP. CODE ANN. § 202.001(2).[2] "A [POA] or other representative designated by an owner of real property may initiate, defend, or intervene in litigation or an administrative proceeding affecting the enforcement of a restrictive covenant . . . ." *Id.* § 202.004(b). Thus, the property code expressly grants a POA the authority to enforce restrictive covenants. *See id.*; *Hawkins v. Walker*, 233 S.W.3d 380, 389–90 (Tex. App.—Fort Worth 2007, no pet.) (holding that § 202.004(b) confers a statutory right to sue for enforcement of a restrictive covenant only on a POA or other representative designated by an owner of real property).

The declaration at issue here created "an Architectural Control Committee, which

---

on their own behalf.

[2] Pursuant to the property code, in addition to any other powers granted by a declaration, a POA may: (1) adopt and amend bylaws; (2) adopt and amend budgets, and collect assessments for common expenses from property owners; (3) hire and terminate agents, employees or contractors; (4) participate in litigation on matters affecting the subdivision; (5) make contracts and incur liabilities relating to the operation of the subdivision and the POA; (6) regulate the use, appearance, repair, modification and appearance of the subdivision; (7) make improvements to the common area; (8) grant easements, leases, and licenses; (9) impose and receive payments for the use and operation of the common area; (10) impose interest for late charges; (11) collect attorney's fees and costs incurred by the POA relating to the violations of the restrictions; (12) collect costs for assessment of restrictions; (13) adopt and amend rules regulating collection of delinquent assessments; (14) charge for amending restrictions; (15) purchase insurance; (16) assess annual increase; (17) indemnify directors; (18) implement and modify architectural control guidelines; (19–21) exercise necessary powers. TEX. PROP. CODE ANN. § 204.010 (a)(1)–(21), (b).

shall be composed of three (3) members." It provides that "[n]o building shall be erected, placed, or altered on any lot until the construction plans and specifications . . . have been approved" by ACC "as to quality of workmanship and materials, harmony of external design with existing structures and as to location with respect to topography and finish grade elevation." The declaration provides that final plans and specifications "shall be submitted to [ACC] for approval or disapproval." In the event ACC fails to approve or disapprove within thirty days, "the construction shall be commenced [and] approval shall not be required . . . ." Thus, according to the declaration, ACC's role is limited to approving or denying proposed construction.

The declaration here does not establish ACC as a POA charged with managing or regulating CRS. Instead, ACC merely approves or disapproves designs. Because ACC does not "manage or regulate" CRS, we conclude that ACC is not a POA within the context of the statute. *See id.* § 202.001(2). Furthermore, neither the declaration nor the property code vests ACC with the authority to enforce the restrictive covenants, which includes the authority to sue a homeowner in violation of the covenants. *See La Ventana Ranch Owners' Ass'n v. Davis*, 363 S.W.3d 632, 647 (Tex. App.—Austin 2011, pet. denied) (holding that the Architectural Control Committee of a homeowner's association qualified as a representative to enforce restrictive covenants because the subdivision's declaration expressly vested the committee with the power to exercise the necessary authority to enforce the declaration's terms"); *see also* TEX. PROP. CODE ANN. § 202.004(b). Accordingly, we conclude that ACC has no standing to sue Luarca, and the

7

trial court properly granted Luarca's motion to dismiss. We overrule ACC's first issue.[3]

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
16th day of June, 2022.

---

[3] Because we severed Pusley's appeal into appellate cause number 13-22-00260-CV, we need not address ACC's second issue as it is not dispositive. *See* TEX. R. APP. 47.1.

8