**Opinion issued May 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00752-CV

_____

**DOMINIQUE CUNNINGHAM, Appellant**

**V.**

**TENESHIA HUDSPETH, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-35689**

---

## MEMORANDUM OPINION

Appellant Dominique Cunningham, pro se, appeals the trial court's order granting Appellee Teneshia Hudspeth's plea to the jurisdiction. She argues that the trial court erred in granting the plea to the jurisdiction and that she was entitled to findings of fact and conclusions of law from the trial court.

We affirm the trial court's judgment.

## Background

Cunningham sued Hudspeth, the Harris County Clerk, seeking an order to unseal certain unidentified records she contends are in the custody of the county clerk's office. In her petition, titled "Suit on Account," Cunningham appears to allege that her fiduciary[1] breached certain duties owed to her with respect to the transfer of real property. Cunningham sought "only non-monetary relief to attain judicial order for release of public information exempt from public disclosure." She sought a property deed and a statutory durable power of attorney along with other related documents.

Cunningham alleged that the information sought was subject to a sealing order, but she did not provide the source of the order, the reason for the order, the date of the order, or any other information that would identify the sealing order. In describing the relief sought, Cunningham pled that she was entitled to:

> Release of recorded filings within County possession by authorized release from the County Clerk Office's administrative head (Defendant) or its agent, under special right of access *and* vacatur of the sealing order by certification of the Presiding Judge of the Court with continuing jurisdiction or be certification of the Administrative Judge or its agent.

(Emphasis in original.)

---

[1] She identifies the fiduciary as Scott Carr with Prosperity Trust.

2

Hudspeth filed an original answer and contemporaneously, a plea to the jurisdiction.

### *The Plea to the Jurisdiction*

Hudspeth asserted three bases for relief in her plea to the jurisdiction. She alleged that as a government entity, the county clerk's office enjoys governmental immunity from Cunningham's lawsuit. Cunningham alleged in her second amended petition that she was suing Hudspeth as an "administrative unit: Harris County Clerk's Office (governmental entity)." She later alleged she was suing Hudspeth "in [her] official capacity as administrative head of Harris County Clerk's Office[.]" Thus, Hudspeth argued, Cunningham's suit was actually a suit against Harris County, and governmental immunity precluded her claims. Hudspeth argued that Cunningham had not satisfied her burden to prove subject-matter jurisdiction "by showing immunity does not apply or demonstrating the governmental entity waived its immunity."

Hudspeth also argued that Cuningham lacked standing to bring the lawsuit. She asserted that Cunningham had not alleged an injury that was "fairly traceable to [Hudspeth's] conduct" and "likely to be redressed by the requested relief." Rather, she argued, any injury sustained by Cunningham was the result of an act of a third party not before the trial court, a fact borne out by Cunningham's pleadings, which alleged that "Scott Carr" with Prosperity Trust "failed in [his] duty to

account Plaintiff with a copy of the Notice of Hearing of Sealing Order that contained the case number and other pertinent information." Further, according to Hudspeth, Cunningham had not made a formal request to Hudspeth's office for the information she sought, and Hudspeth's office "cannot locate records if Plaintiff does not provide sufficient information to do so." To the extent Cuningham alleged she was harmed by the sealed records, Hudspeth argued that action was not attributable to her and she could not "unilaterally unseal th[e] documents without violating a court order."

Last, Hudspeth argued the trial court lacked jurisdiction to vacate another court's sealing order. According to the plea to the jurisdiction, Cunningham did not plead facts indicating Hudspeth was a party to any lawsuit in which the records at issue were sealed. Nor did Cunningham identify any other party or entity to the lawsuit that purportedly led to sealing the records at issue. Hudspeth argued that Cunningham was asking the court through Hudspeth "to reverse a prior court's finding with no notice to the person(s) who established the 'specific, serious and substantial interest' in sealing the records or explanation as to why they were sealed in the first place."[2] Because the court lacked standing to do so, Hudspeth argued, the trial court lacked jurisdiction over the lawsuit.

---

[2] Texas Rule of Civil Procedure 76a, which governs the sealing of court records, only allows sealing upon a showing of a "specific, serious and substantial interest" that "clearly outweighs" (1) the presumption of openness of court records to the

4

## The Response

In her response, Cunningham argued first that she established subject matter jurisdiction under Sections 552.001, 552.107, and 552.028 of the Texas Local Government Code, because Chapter 552.001 "shall be liberally construed in favor of granting a request for information."[3] Cunningham further argued that the county's governmental immunity was waived because Rule of Civil Procedure 76a and Section 192.007 of the Local Government Code were implicated in her claims.[4, 5] Both pertain to records—the former to sealing and unsealing records and

---

[  ] general public and (2) any probable adverse effect likely to result form the sealing on the general public health or safety. TEX. R. CIV. P. 76a(1)(a).

[3] Presumably, Cunningham meant in this paragraph to refer to the Texas Government Code, which tracks the statutory provisions she purports to cite in her response to the plea to the jurisdiction. Section 552.001(b) of the Texas Government Code states, "This chapter shall be liberally construed in favor of granting a request for information." TEX. GOV'T CODE § 552.001(b). Section 552.107 of the Texas Government Code addresses exceptions to disclosure of certain public information. TEX. GOV'T CODE § 552.107. Section 552.028 of the Government Code pertains to requests for information from incarcerated individuals. TEX. GOV'T CODE § 552.028.

[4] As noted, Rule 76a pertains to sealing court records. It provides in pertinent part that "Any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records." TEX. R. CIV. P. 76a(7). Section 192.007 of the Local Government Code provides in pertinent part: "To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded." TEX. LOC. GOV'T CODE § 192.007(a).

[5] Rule 76a, which is purely procedural, does not implicate governmental immunity. Moreover, Cunningham is not intervening in any suit to unseal records; rather, she

the latter to obtaining records from the county clerk—but neither provision waives governmental immunity. Cunningham also argued that venue was proper in the court below. Cunningham did not explain how any of the cited sections conferred subject matter jurisdiction on the court, nor did she provide any caselaw or other relevant authority establishing that governmental immunity had been waived with respect to her claims.

Cunningham also argued that her allegations established jurisdiction allowing the trial court to vacate a sealing order. She argued that Rule 76a "serves to point out laws regarding waiver of governmental immunity," but she did not identify any such laws. She argued that defense counsel has permission pursuant to Rule 76[a] "to view Plaintiff's kept record of criminal and civil action, however, Defendant stands, by Original Answer, to negate facts of Plaintiff's petition as alleged fact; contending that the Court nor the Defense can satisfy the petitioned relief, including vacatur of sealing order."

Cunningham acknowledged in her response that her suit was the third one she had filed involving the same subject matter.[6] She argued that her "suit was not

---

brought a new and independent action, asking the trial court to unseal records that were sealed by another court.

[6] *See Cunningham v. Duble*, No. 01-25-00350-CV, 2026 WL 942428, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 7, 2026, no pet. h.) (mem. op.) (dismissing appeal of suit Cunningham brought against Harris County Justice of the Peace Steve Duble). The other lawsuit was brought by Cunningham against Harris County Judge Lina Hidalgo seeking to "unseal" a deed and statutory durable power of

filed in the court with continuing jurisdiction because Plaintiff did not have the case number to the record." It appeared she argued that her petition was a formal request for the records she sought.

Last, Cunningham argued that Hudspeth "critically misinterpret[ed]" the duties and responsibilities of the office of the county clerk. She argued that the "sealed documents or record[s] [are] documents or record[s] that are exempt from disclosure[.]"

The trial court granted Hudspeth's plea to the jurisdiction. This appeal ensued.

## Standard of Review and Applicable Law

Subject matter jurisdiction is implicit in a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that demonstrate affirmatively the court's jurisdiction to hear her claims. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

attorney. *See* Cause No. 2024-77884, *Cunningham v. Hidalgo*, In the 125th District Court of Harris County, Texas. According to Hudspeth's plea to the jurisdiction, the latter case was dismissed by the trial court for lack of jurisdiction.

Cunningham sued Hudspeth "in [her] official capacity as administrative head of Harris County Clerk's Office[.]" The suit is thus against Harris County. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("It is fundamental that a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.' A suit against a state official in his official capacity 'is *not* a suit against the official personally, for the real party in interest is the entity.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (internal citations omitted) (emphasis in original)).

As a political subdivision of the state, the County is immune from suit and liability unless its immunity is waived by the Legislature. *Stone v. Harris Cnty.*, No. 01-21-00384-CV, 2023 WL 5615812, at *11 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, no pet.) (mem. op.) (citing *Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332 (Tex. 2022); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369–70 (Tex. 2009)[7] (same; noting that "[w]ith the limited *ultra vires* exception . . . governmental immunity protects government officers sued in their

---

[7] "[G]overnmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit bars an action against the State and its subdivisions unless the Legislature has expressly consented to the suit. *Sweeny Cmty. Hosp. v. Mendez*, 226 S.W.3d 584, 589 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "Immunity from suit [] presents a jurisdictional question of whether the State has expressly consented to suit." *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022).

official capacities to the extent that it protects their employers."). *Id.* at 380.[8]

Because immunity from suit implicates the court's subject matter jurisdiction, a governmental entity can assert immunity from suit in a plea to jurisdiction. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022).[9]

Lack of standing also may be the basis for a plea to the jurisdiction. *Webre v. Sneed*, 358 S.W.3d 322, 328 (Tex. App.—Houston [1st Dist.] 2011) ("Standing is implicit in the concept of subject-matter jurisdiction, and subject-matter jurisdiction is essential to the authority of a court to decide a case."), *aff'd*, 465 S.W.3d 169 (Tex. 2015); *see Haddy v. Caldwell*, 355 S.W.3d 247, 250 (Tex. App.—El Paso 2011, no pet.) ("It is well established that a party's standing may be challenged by a plea to the jurisdiction[.]").

Our review of a plea to the jurisdiction is *de novo* and mirrors the standard of review for a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 226, 228. We "take as true all evidence favorable to the nonmovant" and "indulge

---

[8] "To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332 (Tex. 2022) (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)).

[9] "A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *TitleMax of Tex., Inc. v. City of Austin*, 639 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 228.

"[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the defendant meets its burden to establish the trial court lacks jurisdiction, the burden shifts to the plaintiff, who must then show there is a question of material fact as to the jurisdictional issue. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). If the evidence raises a fact issue concerning jurisdiction, the plea cannot be granted, and the fact finder must resolve the issue. *Id.* If, on the other hand, the evidence is undisputed or does not raise a fact issue, the plea must be determined as a matter of law. *Id.*

### Plea to the Jurisdiction

In her first issue, Cunningham argues the trial court erred in granting the plea to the jurisdiction because governmental immunity does not preclude her claim against Hudspeth. She argues that her cause of action is not barred in light of Section 27.001(4)(iii) of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 76a.

Section 27.001 of the Civil Practice and Remedies Code provides definitions for the Texas Citizens Protection Act, a statute that has no bearing on the issues

10

here.[10, 11] And, as noted, Rule 76a provides the standards and procedures for the sealing of court records and appeals therefrom. TEX. R. CIV. P. 76a. Governmental immunity is not contemplated in the rule.

The remainder of Cunningham's argument does not address the plea to the jurisdiction. Even though Hudspeth asserted three grounds in her plea to the jurisdiction—governmental immunity, standing, and inability to vacate another court's order—Cunningham only addresses the governmental immunity and vacatur arguments on appeal.[12] "Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Harris v. Gen. Motors Corp.,* 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied)). If the appellant does not address all independent bases that support the ruling or judgment, the reviewing

---

[10] The Texas Citizens Participation Act ("TCPA") "is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern." *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019). The TCPA is intended "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding).

[11] Section 27.001(4)(iii) of the Civil Practice and Remedies Code defines "exercise of the right to petition" in the context of the TCPA as "an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government[.]" TEX. CIV. PRAC. & REM. CODE § 27.001(4)(iii).

[12] Indeed, in her brief, Cunningham avers Hudspeth prevailed on her "plea to [the] jurisdiction claiming government immunity."

court must affirm the ruling or judgment. *Id.* at 681 (applying rule to plea to jurisdiction, overruling appellants' issues because they challenged only some of jurisdictional plea's grounds). As we explained in *Britton:*

> The reasoning is that, if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground . . . and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.

*Id.* (internal citation omitted).

Cunningham does not address the standing issue—that she failed to establish she sustained an injury traceable to Hudspeth's conduct. Standing has three prongs. First, the plaintiff must plead facts that establish she was personally injured. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 155 (Tex. 2012) (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007). Second, the plaintiff's injury must be "fairly traceable" to the conduct of the defendant. *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984). Third, the plaintiff's alleged injury must be "likely to be redressed by the requested relief[.]" *Id.* (citing *Allen*, 468 U.S. at 751).

Assuming without deciding that Cunningham satisfied the first standing prong, she did not plead facts to establish the second or third. On the contrary, she seems to attribute any injuries to the fiduciary whom she apparently claims failed to provide her with information regarding the sealing order.

12

Finally, Cunningham argues in her brief that "suit was not filed in court of continuing jurisdiction [] because [her] institutionally appointed fiduciary agent faulted in rendering all imperative parts of service care, including a copy of the notice of court proceeding and the sealing order that detailed the record case number and the name and certification of the [j]udge with continuing jurisdiction." To the extent she intends for that statement to refute Hudspeth's contention that the court lacked jurisdiction to vacate another court's sealing order, Cunningham's argument lacks merit.

According to Rule 76a, "Any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records. A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order." TEX. R. CIV. P. 76a(7). Cunningham did not intervene. Rather, she filed a new suit, which is not contemplated by Rule 76a.[13] Cunningham has not directed us to any authority that provides that a trial court may vacate a sealing order issued by a different court, and we have not located any.[14]

---

[13] "[A] third party with a justiciable interest in a pending suit may intervene as a matter of right." *Ferchichi v. Whataburger Restaurants LLC*, 713 S.W.3d 330, 339 (Tex. 2025) (citing *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding)); TEX. R. CIV. P. 60. Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (citing *In re Union Carbide Corp.*, 273 S.W.3d at 154).

[14] *See HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 260 (Tex. 2021) ("Trial courts do retain jurisdiction to alter or vacate *their own sealing orders*, but

We overrule Cunningham's first issue.

## Findings of Fact and Conclusions of Law

In her second issue, Cunningham argues the trial court erred by failing to issue findings of fact and conclusions of law despite her requests. Cunningham was not entitled to findings and conclusions.

Texas Rule of Civil Procedure 296 provides in part:

> In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law.

TEX. R. CIV. P. 296. There was no trial in this case and there was no evidentiary hearing held on the plea to the jurisdiction. The court was therefore not required to file findings of fact and conclusions of law. "[F]indings of fact and conclusions of law are not appropriate after . . . dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on the pleadings . . . [or] any judgment rendered without an evidentiary hearing." *Leonard v. City of Burkburnett*, No. 02-22-00266-CV, 2023 WL 8940816, at *6 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.) (mem. op.) (quoting *Webb v. City of Fort Worth*, No. 02-21-00133-CV, 2022 WL 123219, at *8 (Tex. App.—Fort Worth Jan. 13, 2022, no pet.) (mem. op.)); *see U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 33 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("If the trial court

---

parties can move to reconsider an order on a motion to seal only by showing a change in circumstances materially affecting the order.") (emphasis added).

renders judgment as a matter of law, such as when a court grants a motion to dismiss for lack of jurisdiction, findings and conclusions are not improper, but they have no purpose and should not be requested or considered on appeal."); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (stating dismissal for want of jurisdiction without evidentiary hearing is instance in which "findings and conclusions can have no purpose and should not be requested, made, or considered on appeal").

We overrule Cunningham's second issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.